(79 South. 199)

BREWER v. STATE. (8 Div. 601.)

(Court of Appeals of Alabama. June 29, 1918.)

1. CRIMINAL LAW ⬤⟾1170(4)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Ruling, in prosecution for robbery, sustaining objection to defendant's question to state's witness, whether he took them all to be drinking, was harmless to defendant, where witness immediately afterward testified he thought they were drinking, but did not see or smell whisky.

2. CRIMINAL LAW ⬤⟾382 — IMMATERIAL EVIDENCE.

Evidence of justice of the peace, attempted to be introduced by defendant as to whether he, as justice, examined into charge on complaint made by party alleged to have been robbed, was properly excluded as immaterial.

3. ROBBERY ⬤⟾23(1)—IMMATERIAL EVIDENCE.

In prosecution for robbery, court properly refused to permit inquiry into question whether person robbed was a drinking man or not; point not being material.

4. CRIMINAL LAW ⬤⟾250—JURISDICTION OF JUSTICE—ROBBERY.

A justice of the peace has no jurisdiction finally to try and determine a charge of robbery.

5. WITNESSES ⬤⟾236(4)—EXAMINATION—INDEFINITE EVIDENCE.

In prosecution for robbery, trial court's refusal to permit to be asked a witness a question as to what business defendant was in after he fled, was proper, question being indefinite, and answer sought, as stated by defendant after ruling, being likewise indefinite.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Ed Lee Brewer was convicted of robbery, and he appeals. Affirmed.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Paul Hodges, of Florence, for appellant. F. Loyd Tate, Atty. Gen.; and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] On the cross-examination of one Swena, a witness for the state, the defendant asked this question, "You took them all to be drinking?" to which question the court sustained an objection. It is contended by the defendant that the answer to this question would have shed some light on the intention of the defendant. We cannot see its relevancy, but in any event the ruling was without injury, as the witness immediately afterward testified that he thought they were drinking, but that he did not see any whisky or smell any.

[2, 3] On the examination of Squire Nobley, a justice of the peace, the defendant attempted to prove that he as justice of the peace examined into the charge upon a complaint made by Henderson Hough, the party alleged to have been robbed. This evidence was not material to any issue in the case then pending and was properly excluded. Whether Henderson Hough was a drinking man or not was not a material issue in the case, and the refusal of the court to permit an inquiry to that effect was without error.

[4] The defendant offered to prove that the defendant had been tried by the justice of the peace and acquitted. The court properly refused to admit this evidence. There was no plea of former jeopardy, and if such a plea had been interposed, it would have been of no avail, as the justice of the peace was without jurisdiction to finally try and determine a charge of robbery.

[5] There was evidence tending to show that shortly after the crime is alleged to have been committed the defendant fled. The deputy who went to Paducah, Ky., to bring the defendant back to Alabama, while being examined as a witness, was asked if he knew "what business the defendant was in." Upon objection being sustained to this question, the defendant stated that the question was asked for the purpose of showing that the defendant was playing on a boat coming right to Florence. The court still refused to permit the question to be asked. The question was indefinite, and the answer sought was indefinite' and hence the ruling of the court was without error. Besides, the next answer of the witness discloses that he was without knowledge as to this fact, as he testified that he was told at Paducah that the defendant was working on the streets of that place. The court permitted the defendant to go fully into his acts and doings in order to explain his flight, and the fullest latitude to which the defendant was entitled was allowed defendant's attorney in the cross-examination of state's witnesses.

We have examined the entire record, and find no error prejudicial to the defendant, and the judgment is therefore affirmed.

Affirmed.