(129 So. 316)

## KING v. STATE.

### 4 Div. 565.

Court of Appeals of Alabama.
May 20, 1930.

Rehearing Denied June 24, 1930.

Sollie & Sollie, of Ozark, and M. I. Jackson, of Clayton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

Refusal of the charge requested by defendant which we have marked A was not error. The charge is misleading. The defendant may have possessed prohibited liquor at both times named in the charge and still have been guilty as charged in the indictment.

The question asked state's witness Slater, "Did you ever see Mr. King with any whisky?" was too broad and general, and objection should have been sustained to it on that ground; but this ruling resulted in no injury to defendant, for the witness immediately after designated the time as being within the statute of limitation. Preliminary questions such as here considered should be confined to a time that upon further development of the case will relate to the res gestæ, but where it appears that no injury results such technical errors will not be made the basis of reversal. The opinion in Brewer v. State, 16 Ala. App. 501, 79 So. 199, recognizes this principle, and none of the other cases cited assert a contrary principle.

Objection was properly sustained to defendant's question on cross-examination of state's witness Slater: "Will you tell that jury that you are not a bootlegger yourself." Being a bootlegger is not grounds for impeachment of the witness for veracity.

The court properly sustained the state's objection to question asked Slater on cross-examination: "So when you told the jury just then that you lived in Dale that wasn't so, was it?" This is an improper method of cross-examination and should never be allowed. Moreover, in this case the question assumed a statement not borne out by the record. The witness had testified that he lived in Barbour.

The questions asked defendant's witness Davis on cross-examination by the solicitor were within the proper bounds as tending to test the reasonableness of the witness' statement.

On cross-examination of defendant's witness Wade, the state was permitted to ask, over proper objection, "Don't you know that this was all a hatched up thing trying to fight back at these negroes?" The answer was, "No." The "hatched up thing" referred to was a charge of burglary against state's witnesses. There was no error in this ruling. There was testimony which formed a basis for the question.

It was relevant and proper for the defendant while testifying as a witness in his own behalf to testify that the feeling of state's witness Slater towards him was bad, and this the court admitted. But the details as to why it was bad were properly excluded.

We find no error in the record, and the judgment is affirmed.

Affirmed.