44 So.2d 278

## MORRELL v. STATE.

### 7 Div. 46.

Court of Appeals of Alabama.
Jan. 31, 1950.

Scott, Dawson & Stockton, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of manslaughter in the first degree, under an indictment charging murder in the second degree.

The evidence shows without dispute that on Saturday night, July 5, 1947, appellant and deceased and several others were at a home in the rural section of DeKalb County, where it was thought that a dance might take place. The evidence is also without dispute that appellant and deceased had been drinking, as had other members of their group, and that a fight occurred between the appellant and the deceased.

The evidence presented by the State tends to show that the appellant was the aggressor in this fight, and that during its course he kicked the deceased in the stomach.

The fighting pair were separated, and deceased's brother, Nolan Ray, accompanied deceased to their home.

Nolan Ray testified that upon reaching their home the deceased started around the house and fell. When Nolan went to him he was holding his stomach.

Dr. Gaines was called and saw the deceased in the early hours of Sunday morning. The deceased showed evidence of drink, and was uncooperative during the doctor's examination. He gave him an injection to relieve pain. Dr. Gaines again saw the deceased in the afternoon. At this time deceased's abdominal muscles were rigid, and Dr. Gaines recommended hospitalization.

The deceased was hospitalized that day and the following day he was operated on by Dr. Scarbrough.

Dr. Scarbrough found that deceased's intestine was ruptured. He effected a repair on the intestine, but the deceased died several hours later of peritonitis, which in the doctor's opinion resulted from the ruptured intestine.

Dr. Scarbrough further testified that a rupture of a person's intestine is caused "most of the time from external violence of some description."

During his direct examination the appellant testified that after deceased had been admitted to the hospital he visited him. During this visit, and while deceased's father, Mr. H. B. Ray, was present the deceased "—told me and his daddy was in the room * * * 'We were all drunk and it was just as much one's fault as the others,' and he says, 'I think I am poisoned on the homebrew we drank last night.' We were more or less talking and laughing about it in there."

On cross examination the appellant denied that in this conversation in the presence of deceased's father that the deceased has said: " * * * it was those licks in the belly that got me," and that he, appellant, had replied, in substance, "Well, if I had not been drinking I would not have done it."

After the defense had rested the State recalled Mr. Ray, the father of the deceased.

Without objection Mr. Ray testified that during the hospital visit of the appellant to his son, the deceased, his son had stated to appellant in substance * * * "those licks on my stomach is what got me," to which appellant replied: "Well, if it had not been for drinking—or—if I had not been drunk I would not have done it."

Mr. Ray further testified that he never left the appellant in the room alone with deceased during this visit.

At this point the court observed that the above statements were in the nature of a dying declaration, and that facts should be shown to make them admissible as such.

Mr. Ray then testified that his son had never told him, or expressed to him, the thought of death.

The court thereupon granted appellant's motion to exclude the testimony of Mr. Ray as to the statements his son had made during appellant's visit to him in the hospital.

The State then introduced Junior Ray, a brother of deceased, who testified that around 1:30 a. m. on Sunday, the day deceased was injured, he had told this witness "I believe I am going to die."

The court then instructed the jury that the testimony of Mr. Ray, the father, that he had excluded, was now admissible; to which ruling the appellant excepted.

We pretermit consideration of the sufficiency of the predicate tending to establish the admissibility of the above mentioned statements of the deceased as a dying declaration.

■ The defense first interjected into evidence the alleged statement of the deceased, and reply of appellant, made during the visit. These statements whatever their version were made in the presence of deceased's father. It was therefore competent for the State, through the father, to give his version of this same conversation. Mobile, J. & K. C. R. Co. v. Hawkins, 163 Ala. 565, 51 So. 37; Fulton Bag & Cotton Mills v. Leder Oil Co., 207 Ala. 350, 92 So. 613.

Requested charged D. was properly refused as being unintelligible and elliptical.

■ Charges X 1, and X 4 were refused without error, these charges being adequately covered in other charges given at appellant's request, or in the court's oral charge.

■ Charges X 2, X 3, and X 5, being affirmative in nature, were properly refused under the developed evidence.

Charge X 10 was in our opinion substantially covered in another charge given at the appellant's request.

Being of the opinion that this record is free of error probably injurious to the substantial rights of this appellant this cause is ordered affirmed.

Affirmed.