49 So.2d 232

### WALLER v. STATE.

4 Div. 158.

Court of Appeals of Alabama.

Nov. 28, 1950.

Ewell Clark, of Florala, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Judge.

The accused was tried and convicted on an indictment charging the offense of rape.

■ The defendant did not request the affirmative charge; neither did he file a motion for a new trial. In this state of the record the sufficiency of the evidence to sustain the judgment of conviction is not presented for our review. Woodson v. State, 170 Ala. 87, 54 So. 191; Williams v. State, 31 Ala.App. 48, 11 So.2d 870.

■ After the appellant had brought out portions of certain conversations, the State was permitted to inquire into other parts of the same conversations. This was not against the rule. Wesson v. State, 238 Ala. 399, 191 So. 249; Morrell v. State, Ala.App., 44 So.2d 278.

■ A witness who did not qualify as a medical expert was permitted, over timely objections, to state that he observed bruises and injuries on the body of the prosecutrix. The inquiry did not relate to matters which necessarily called for expert medical examination. The witness simply stated what he saw without any attempt to describe the physical effects of the injuries.

■ After the prosecutrix had testified, effort was made by the appellant to prove that her general character was bad. The court allowed this proof and correctly so.

He did not allow this inquiry to extend to particular instances of unchastity.

■ The rule is stated in Green v. State, 19 Ala.App. 239, 96 So. 651, 652: "The general character of the prosecutrix for chastity may also be impeached; but this must be done by general evidence, and not by particular instances of unchastity, nor as to a criminal intimacy with any other person."

It should be noted that this doctrine applies when the question of consent becomes a factual issue. Stone v. State, 243 Ala. 605, 11 So.2d 386; Story v. State, 178 Ala. 98, 59 So. 480; Herndon v. State, 2 Ala. App. 118, 56 So. 85.

■ Refused charge numbered 1 is abstract. The question of the consent of the prosecutrix did not enter the factual issues in the case.

■ Written instructions numbered 2 and 3 were substantially covered by the court's oral charge. Title 7, Sec. 273, Code 1940.

■ Counsel for appellant interposed an exception to what he contended was an omission in the court's oral charge. Matters of this kind cannot be raised by this method. Counsel should have tendered a written instruction covering the omitted principle. Davis v. State, 246 Ala. 101, 19 So.2d 358; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692.

We have responded to each question which is properly presented for our review and which in our opinion merits comment.

■ Some of the objections are only based on general grounds. On several occasions when the court ruled against the objections of appellant's counsel, no exceptions were reserved. Johnston v. Isley, 240 Ala. 217, 198 So. 348; Brannon v. State, 16 Ala.App. 259, 76 So. 991; Bennett v. State, 248 Ala. 664, 29 So.2d 217; Martin v. State, 34 Ala.App. 476, 41 So.2d 440.

It is ordered that the judgment of the court below be affirmed.

Affirmed.