159 So.2d 449

**Julian MURPHY**

v.

**STATE.**

5 Div. 622.

Court of Appeals of Alabama.

June 4, 1963.

Rehearing Denied Nov. 5, 1963.

Glenn & Glenn, Opelika, for appellant.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Sp. Asst. Atty. Gen., for the State.

CATES, Judge.

Murphy was convicted of rape and sentenced to the penitentiary for ten years.

He makes but a single claim of error, that is, the refusal of the trial judge to permit the defense, on cross examining the prosecutrix, to show that she wrote a number of letters to another man. On the State's objecting, defense counsel wished

to question her as to the letters on the theory that "she is accusing this man here [Murphy] to cover up acts of intimacy with this other man."

The trial judge sustained the State's objection, relying on Story v. State, 178 Ala. 98, 59 So. 480, which stands for the principle that, though the woman's lewd repute is relevant to a charge of rape, particular acts of intimacy with other men are not. Anno. 140 A.L.R. 364, at 380, et seq.; Wigmore, Evidence (3rd Ed.), § 200.

No request that the court reporter mark these for identification appears in the record, nor was there any request to read them into the record outside the hearing of the jury.

After the court reporter certified the evidence, defense counsel filed five written objections. Letters, which Murphy's counsel offered, were shown on the trial not to have been marked as exhibits nor copied into nor appended to the transcript.

■ The trial judge (Michie's 1958 Code, T. 7, § 827(1a)) heard the objections and took evidence. He endorsed his denial on the reverse of the last page of the evidence. We hold this action reviewable in a criminal cause without formal assignment of error because § 827(1a) fails to exclude § 389 of T. 15.

■ These letters have been exhibited to us in brief of counsel. Under the rule in Story v. State, supra, Stone v. State, 243 Ala. 605, 11 So.2d 386, Waller v. State, 35 Ala.App. 511, 49 So.2d 232, and Smith v. State, 40 Ala.App. 393, 114 So.2d 295, there was no error in excluding them from evidence.

The prosecutrix was not first asked whether or not she was biased toward Murphy. In Slagle v. State, 39 Ala.App. 691, 108 So.2d 180, this court, per Harwood, P. J., said:

"Where bias is admitted, it is not permissible to go further and show the cause of such bias and the details of the causes for such feelings. This for the reason that multiplication of issues is always undesirable. Tuggle v. State, 19 Ala.App. 541, 98 So. 815; King v. State, 23 Ala.App. 572, 129 So. 316. As stated by De Graffeinried, J., in Allen v. Fincher, 187 Ala. 599, 65 So. 946, 948, if bias is admitted, 'then there should, at once, be an end of the matter.'"

This absence of a preliminary enquiry as to bias would, from the rule in Story v. State, supra, keep a line of questions as to the letters from being relevant. Melvin v. State, 32 Ala.App. 10, 21 So.2d 277.

Moreover, in view of the stated purpose of the letters being tendered in order to unmask a purported diversion from her romance with another man, we consider this limitation equally as confining to preclude the letters from serving another purpose (i. e., bias) as though they had been offered without a stated purpose:

"* * * It is argued by appellant that he was entitled to elicit answers to these questions in order to show bias or interest of the witness. Such testimony was not offered specifically for the stated purpose, and it is not reversible error either to admit or reject evidence offered generally when admissible for a certain purpose only, without calling attention of the trial court to such purpose. * * *" Simpson, J., in Garrett v. State, 268 Ala. 299, 105 So.2d 541.

See also Thompson v. Drake, 32 Ala. 99, and Melvin v. State, supra.

We have carefully examined the entire record under Code 1940, T. 15, § 389, and consider that the judgment below is due to be

Affirmed.

## On Rehearing

CATES, Judge.

Judge McElroy, in his Law of Evidence (2d Ed.), § 149.01(4), states:

"It is submitted that any requirement that the witness be asked about the state of his feelings is unsound; indeed, the Supreme Court decisions [incl. Shanes v. State, 233 Ala. 418, 172 So. 272] hold or clearly indicate that no such inquiry need be made * * * with the result that the above-cited Court of Appeals decisions must be considered as having no force as precedents."

Hence, what we quoted from Slagle v. State, 39 Ala.App. 691, 108 So.2d 180, needs to be read in the light of the Shanes case, supra.

This, however, does not alter our view that the letters to show the prosecutrix had been "carrying on" with a married man who was in the county jail at Dadeville were irrelevant.

The most feverish passage expresses the wish that she might have been able to share the cell with him:

"I wish I could have gotten in your cell with you Sunday. I have so many things to say to you. I was at your house yesterday, and I met your mother. I remember that night very much. I had a lot of fun that night. I wish we were out there now. Yes, I love you; and I will be your bride so you can go ahead and ask Sue for a divorce."

In rape, unchaste repute may be shown as bearing on consent.

"In prosecutions for rape, and in kindred proceedings, where nonconsent is an element of the offense, in which the chastity of a woman may be brought into question, the character of the woman for chastity may be impeached; but this is usually done by evidence of her reputation in that respect, and not by proof of particular acts of unchastity. * * *" Story v. State, 178 Ala. 100, 59 So. 481.

"* * * the purpose of offering these letters and questioning her is to show that the theory of our case is that *she is accusing this man here to cover up acts of intimacy with this other man. * * *"* (Italics added.)—from appellant's brief.

This theory might go to bias, but the letter does not support the theory even as to intimacy.

Application overruled.