282 So.2d 349

**Benny Ralph WILLIAMS**

v.

**STATE.**

**5 Div. 131.**

Court of Criminal Appeals of Alabama.

June 29, 1973.

Rehearing Denied July 26, 1973.

James T. Gullage, Opelika, for appellant.

William J. Baxley, Atty. Gen., Montgomery, Edward B. McDermott, Sp. Asst. Atty. Gen., Mobile, for appellee.

**TYSON, Judge.**

The Grand Jury of Lee County, Alabama, indicted the appellant for rape. The Jury's verdict found him "guilty of assault with intent to rape," and judgment fixed punishment at twenty years imprisonment in the penitentiary. Appellant's motion for a new trial was denied.

The prosecutrix testified that on March 8, 1972, she was seventeen years of age. She stated that on that day she left school early, about 3:30 p. m., because she had a dentist appointment. As she was walking down South Railroad Street, the appellant stopped his car beside the curb. She stated that the appellant showed her a card with a badge on it and told her to get in the car. She could not read the writing on the card or badge. She got into the car and noticed a pair of handcuffs, a police-type radio, and a gun, which the appellant wore in a holster at his side. She stated that she told the appellant she wanted to go to the dentist, but that he pointed the gun at her and made her roll up the car window. When the appellant stopped the car at a red traffic light, she attempted to get out, but the appellant grabbed her arm and would not let go. She stated the appellant drove the car out of town, turned down several dirt roads and stopped. He got out of the car, opened the trunk and removed a canvas, then told the prosecutrix to lie down. At this time, he held the pistol. She replied that she would not, and the appellant raised his voice, pointed the gun at her, and told her again to lie down. The prosecutrix then lay down. She stated that the appellant removed her underclothes, and then shed his pants. He then had sexual relations with her. The prosecutrix testified that she did not know how long

he kept his private parts in her private parts. He then told her to get up, which she did, and he drove, at her request, to her girl friend's house. She was asked by her friend what had happened. The prosecutrix replied that she had been picked up by a man.

On cross-examination, she testified as to being asked by her friend and her friend's sister what he did to her, but testified she could not remember what she said. The prosecutrix's friend's sister then drove her home, and the prosecutrix told her mother what had transpired. The police were notified, and about an hour later she complained to Deputy Watkins.

Dr. Norman Lutton testified that he examined the prosecutrix two days after the alleged incident occurred. He stated further that the prosecutrix probably had sexual intercourse sometime or another, but could not specify any exact time. He found no bruises, tears, or any evidence of external injuries.

I

On the day this case was called for trial, the court excused six jurors, at their own request, for various reasons, all stated in the presence of appellant and counsel.

Of the jurors excused, one had arterial sclerosis; one was a chiropractor, who did not want to be away from his office; one was a school teacher; one was a father who needed to care for his ill son; one juror had a scheduled doctor's appointment in Birmingham to discuss future surgery on her son's eyes; one was a mother whose daughter was to be married in five days; and one juror had not lived in the state continuously for one year.

The appellant argues that the trial judge erred by excusing the first five of these jurors for business and personal reasons.

■ Title 30, Section 5, Code of Alabama 1940, provides that:

"The court may excuse from service any person summoned as a juror if he is dis-

**4**

qualified or exempt, *or for any other reasonable or proper cause, to be determined by the court.*" [Italics added.]

This section has been interpreted as entrusting the trial court judge with broad discretionary powers. Nolen v. State, 35 Ala.App. 249, 45 So.2d 786 (1950), cert. den. 253 Ala. 565, 45 So.2d 792, and authorities cited therein.

We cannot infer from this record that the reasons preoffered for excusal were not done so in good faith. We do not query the trial judge's discretion in excusing the jurors for those reasons.

■ Moreover, the appellant did not except to any of these excusals, therefore such is not preserved for review. Waller v. State, 32 Ala.App. 586, 28 So.2d 815 (1947).

### II

One juror was excused for not meeting the one year residency mandate of Title 30, Section 55(1), Code of Alabama 1940. This juror had been absent from Lee County, Alabama, for a period of eleven years and had moved back to Lee County only seven months prior to the trial of this case.

The appellant would advocate we hold this juror residency requirement unconstitutional. This section provides that:

"It is good ground for challenge by either party:

"1. That the person has not been a resident householder or freeholder of the county for the last preceding year."

■ Regardless of challenge, it is the duty of the court to ascertain juror qualifications, and to disqualify all jurors not possessing those qualifications. Title 30, Section 55(1), Code of Alabama 1940; Title 30, Section 6, Code, supra; Maund v. State, 254 Ala. 452, 48 So.2d 553 (1950), and cases cited therein.

Appellant concedes that no court, in Alabama or elsewhere in the United States, has ever struck down such a statutory prerequisite for jury duty. Appellant seeks an exact analogy between this case and the residency requirements regarding voting. Reliance is placed upon Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274, wherein the United States Supreme Court held that "durational residence laws . . . are unconstitutional unless the State can demonstrate that such laws are necessary to promote a compelling governmental interest."

■ The law is well settled that a defendant has no constitutional right to a trial by any particular jury or jurors, but has the right only to a trial by a competent and impartial jury. See 47 Am.Jur.2d at 647.

The appellant would have us believe that since there is a right to be tried by a jury of one's peers, there is a derivative right to have a particular person serve on that jury. The term "peer" denotes only a person of the same rank chosen from the generic category of the community, and in no sense connotes a right of an accused to have "this peer" or "that peer" on the jury.

■ Jury duty is an obligation, and the Legislature may impose this duty on some and relieve others of the obligation provided the classification is not in derogation of the equal protection clause provisions of the State and Federal Constitutions. State v. Emery, 224 N.C. 581, 31 S. E.2d 858. While it might be argued that if the state sought to unduly burden or restrict the classification or selection of jurors, it would be prohibited by the Constitution, the right protected would still only be the right to a fair trial. The appellant has not shown how the State's residence requirements would displace or interfere with that right. Maund v. State, supra.

### III

The sufficiency of the evidence is before us because of the denial of appellant's mo-

tion to exclude the State's evidence, and motion for a new trial. Kelsoe v. State (3 Div. 194), 50 Ala.App. 378, 279 So.2d 549, cert. den. June 21, 1973, 291 Ala. 786, 279 So.2d 552; Mims v. State, 23 Ala.App. 94, 121 So. 446.

The appellant contends that the prosecutrix testified "to almost nothing." It is clear from the record, however, that the prosecutrix did testify that the appellant pointed a gun at her, told her to lie down on a canvas he had placed on the ground, took her clothes off, then his clothes, and had sex relations with her. When she arrived home, she complained to her mother of the attack, and later that evening complained to a sheriff's deputy, then two days later to a doctor.

This evidence was contradicted by the appellant, who stated that all they did was drive around in his car for several hours, denied any sex relations with her, then took her to within one block of a friend's house.

Since the evidence was conflicting, the finding of the true facts was properly left for the jury. Hunt v. State, 38 Ala.App. 346, 83 So.2d 256; Kelsoe v. State, supra.

■ The fact that essentially all of the evidence against the appellant was from the testimony of the prosecutrix does not vitiate the conviction. A jury that will believe the uncorroborated testimony of the prosecutrix, beyond a reasonable doubt, can convict a defendant of rape, Barnett v. State, 83 Ala. 40, 3 So. 612, or of any lesser included offense. Title 14, Section 42, Code of Alabama 1940; Kelsoe v. State, supra, and authorities therein cited.

IV

Appellant in brief argues that the jury was not warranted in finding the appellant guilty of a lesser offense other than the one charged in the indictment.

The appellant was charged with rape in the indictment. The jury returned a verdict of "guilty of assault with intent to rape."

Title 15, Section 323, Code of Alabama 1940, states:

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

Further, Title 14, Section 42, Code, supra, states:

"Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

■ The offense of assault with intent to rape includes all of the elements of rape except the consummation of the sexual act. These elements are, an intent to have intercourse with a woman by force or fear, and against her consent. Smith v. State, 34 Ala.App. 45, 38 So.2d 341; Gilbert v. State, 28 Ala.App. 206, 180 So. 306; Morris v. State, 32 Ala.App. 278, 25 So.2d 54, and cases cited therein.

The prosecutrix testified that the appellant placed his private parts in her private parts against her will. The appellant denies that this occurred.

On direct examination, Dr. Lutton testified as follows:

"Q. And what type of examination did you give this girl?

"A. I did what we call a pelvic examination, examined her female organs and the vagina.

"Q. All right, sir. Would you describe the extent of your examination and your findings, sir?

"A. I examined this lady on the table and in my opinion, this lady has been penetrated and probably had sexual intercourse sometime or another, but when, I do not know."

Where the evidence is contradictory, a jury question is presented, and the jury in performing its function may believe or disbelieve, all or any part of the testimony presented by either side. Having found the true facts, the jury can then determine what crime was committed. Kelsoe v. State (3 Div. 194), 50 Ala.App. 378, 279 So.2d 549, cert. den. June 21, 1973, 291 Ala. 786, 279 So.2d 552.

In our opinion, under the evidence presented, the jury was warranted in finding the appellant guilty of the lesser offense.

V

We find no error in any of the trial judge's comments during the course of the trial.

In Griffin v. State, 229 Ala. 482, 158 So. 316 (1934), the Supreme Court of Alabama held that:

" . . . Had counsel objected or excepted to the remark, the court would no doubt have withdrawn or neutralized same with a pleasant or perhaps complimentary explanation."

When the comments were made, no objection was interposed by the appellant nor was there a request for any explanatory instructions to the jury.

VI

The appellant objects to the prosecutrix' testimony that one month after the alleged offense she picked out the defendant's picture from five or six photographs shown to her by a deputy sheriff of Lee County. The record indicates the following occurred:

"Q. What occurred when you saw Deputy Watkins?

"A. He showed me some pictures.

"Q. How many pictures did he show you?

"A. About five or six.

"Q. And did you look at these pictures?

"A. Yes, sir.

"Q. State whether or not you picked one of those pictures out?

"MR. GULLAGE: Objection.

"THE COURT: Overruled.

"A. Yes, sir.

"MR. GULLAGE: Reserve an exception.

"Q. And who was that picture of?

"MR. GULLAGE: Objection, again.

"THE COURT: Overruled.

"A. The defendant.

"Q. Is that Benny Ralph Williams who is sitting over there?

"A. Yes."

■ This court has decided that testimony concerning the use of photographs for beginning clues on direct examination of victim of alleged crime does not constitute error and does not tincture in court identification of the defendant. Ross v. State, 46 Ala.App. 88, 238 So.2d 887 (1970).

■ We further find that such photographic identification was not "impermissibly suggestive" within the meaning of Simmons v. United States, 390 U.S. 377, 88 S. Ct. 967, 19 L.Ed.2d 1247.

We find no error in the testimony regarding the photographs.

VII

During the trial of this case, the following occurred:

"Q. You live fairly close to Deputy Sheriff Charlie King, don't you?

"A. Yes.

"Q. You live across the street from him?

"A. Yes.

"Q. Does the river run back of his house?

"A. Yes, it does.

"Q. Did you have occasion to be there down on the river back of his house—

"MR. WRIGHT: Now, Your Honor, we object—

"THE COURT: Have occasion to do what?

"MR. GULLAGE: Be down on the river bank behind his house.

"MR. WRIGHT: We're going to object to something that happened at some other time. I don't know—unless this happened on March the 8th.

"THE COURT: Have occasion to be down on the river bank?

"MR. GULLAGE: Yes, sir. Behind the house or around the house of Charlie King.

"THE COURT: Well, when?

"MR. GULLAGE: Well, within six months, say, prior to March the 8th.

"MR. WRIGHT: We object to that, Your Honor. It has nothing to do with this case.

"THE COURT: I don't see the relevancy to it. Sustain the objection.

"MR. GULLAGE: I have no further questions."

The appellant argues that this line of questioning by him was proper and that the trial court erred in sustaining the State's objection to the questions.

■■■■ We cannot discern how this questioning was relevant unless it was to show prior unchaste acts by the prosecu-

trix. The law is clear that in a prosecution for rape the general character of the prosecutrix for chastity may be impeached, but not particular instances of unchastity. Story v. State, 178 Ala. 98, 59 So. 480; Murphy v. State, 42 Ala.App. 217, 159 So. 2d 449, cert. den. 276 Ala. 705, 159 So.2d 452; Waller v. State, 35 Ala.App. 511, 49 So.2d 232.

Therefore, the testimony, if it did relate to a specific act of unchaste behavior, was prima facie inadmissible, and the trial court's ruling is correct.

### VIII

The appellant argues that the trial judge committed reversible error in sustaining the State's objection to appellant's testimony that the prosecutrix saw the appellant as he drove by in his car at a time after the alleged offense occurred (R. 86).

■■■■ It is a basic rule of evidence that a witness cannot testify as to what another person saw, as this is a mere conclusion, and not a statement of fact. Montgomery-Moore Manufacturing Co. v. Leeth, 2 Ala.App. 324, 56 So. 770 (1911).

### IX

■■■■ The appellant urges that the trial judge's charge to the jury concerning the presumption of innocence was so erroneous as to be reversible error. We do not agree.

At any rate, the appellant did not except and the error, if any, is not preserved on this appeal. Passmore v. State, 47 Ala. App. 189, 252 So.2d 115 (1971); McPherson v. State, 198 Ala. 5, 73 So. 387.

### X

At the conclusion of the trial court's extensive oral charge, the appellant announced "satisfied." The court then gave nine requested written charges and refused seven other requested written charges. We have carefully examined each of them, and believe those charges were correctly

refused. Title 7, Section 273, Code of Alabama 1940.

After a careful search of the record, as required by Title 15, Section 389, Code of Alabama 1940, and having found no error, the judgment is due to be and the same is hereby

Affirmed.

ALMON, HARRIS, and DeCARLO, JJ., concur.

CATES, P. J., concurs in result.