The appellant was convicted for rape and sentenced to twenty-five years' imprisonment. Both at trial and on appeal he is represented by the Public Defender of Tuscaloosa County.
 I
Initially the appellant contends that Section 12-21-203, Code of Alabama 1975, unconstitutionally restricts his right of confrontation because it renders inadmissible evidence relating to the past sexual behavior of the complaining witness in prosecutions for criminal sexual conduct. The claim of unconstitutionality was initially advanced in the motion for new trial.
There are two specific instances where the appellant alleges he was unduly restricted in his cross examination of the prosecutrix. The prosecutrix testified that shortly before midnight she parked her car near the railroad tracks and was waiting for her boyfriend, David Wheeler, to get off from work when she was attacked and ravished by the appellant. Defense counsel attempted to show that she "went to the train tracks that night looking to have an affair". However the trial court sustained the state's objection. The second instance of alleged error occurred when defense counsel was not permitted to cross examine the prosecutrix about her relationship with Sidney Dockery and show that they were living together.
A determination of the constitutional validity of Section12-21-203, Code, is not necessary for the disposition of this appeal. The rule is clear that the constitutional validity of a statute will not be considered unless essential to a disposition of the cause. Alabama State Federation of Labor,Local Union No. 103, United Broth. of Carpenters and Joiners ofAmerica v. *Page 350 McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945);Wright v. Turner, 351 So.2d 1 (Ala. 1977); Smith v. Speed,50 Ala. 276 (1874).
Prior to April 21, 1977, the effective date of Section12-21-203, Code, the law in Alabama was that, in a prosecution for rape, the accused could introduce evidence of the bad general reputation for chastity of the prosecutrix in an attempt to prove that she consented to the alleged intercourse.Story v. State, 178 Ala. 98, 59 So. 480 (1912); McQuirk v.State, 84 Ala. 435, 4 So. 775 (1887); C. Gamble, McElroy'sAlabama Evidence, Section 32.01 (3rd ed. 1977). Such character could be shown by evidence of her general reputation in that respect, or of her previous intercourse with the accused, but not by proof of particular acts of unchastity with third persons. Stone v. State, 243 Ala. 605, 11 So.2d 386 (1943);Story, supra; McQuirk, supra; Williams v. State, 51 Ala. App. 1, 282 So.2d 349, cert. denied, 291 Ala. 803, 282 So.2d 355
(1973); Waller v. State, 35 Ala. App. 511, 49 So.2d 232 (1951);Green v. State, 19 Ala. App. 239, 96 So. 651 (1923).
 "The view to which this court long ago gave its approval, as stated, found its chief support in 3 Green, on Evi. § 214, where that learned author said: `The character of the prosecutrix for chastity
may also be impeached; but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. Nor can she be interrogated as to a criminal connection with any other person, except as to her previous intercourse with the prisoner himself; nor is such evidence of other instances admissible.'" Story, 178 Ala. at 101, 59 So. at 481.
The questions propounded by the appellant obviously ran afoul of this rule for they sought to elicit specific acts or conduct of the prosecutrix with third persons. For that reason the state's objections to questions concerning the sexual relations and relationships of the prosecutrix with other named persons besides the appellant were due to be sustained without any reference to Section 12-21-203, Code. If the ruling of the trial court is correct for any reason it will not be reversed.Harnage v. State, 290 Ala. 142, 274 So.2d 352 (1972); Nettlesv. State, 222 Ala. 236, 132 So. 41 (1931); McKenney v. State,17 Ala. App. 117, 82 So. 565 (1919).
 II
The appellant also contends that the trial court erred in refusing his requested instructions on consent of the victim in a prosecution for rape. The instructions given by the court were accurate statements of the law. Dawkins v. State, 58 Ala. 376
(1877); Rhoden v. State, 49 Ala. App. 605, 274 So.2d 630
(1973); Herndon v. State, 2 Ala. App. 118, 56 So. 85 (1911). Though the charges requested by the appellant were also correct statements of the law they were properly refused because they were fairly and substantially covered in the court's oral charge to the jury. Rhoden, 49 Ala. App. at 610, 274 So.2d 630.
We have carefully searched the record for error and finding none affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.