Cecil Tyrone Anderson was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant guilty as charged in the indictment. Following a Habitual Felony Offender hearing, the trial judge sentenced the appellant to life imprisonment without parole.
The facts of the case are not relevant to the four issues raised by the appellant on appeal and, therefore, will not be herein recited. There was sufficient evidence presented to support the judgment below.
 I
The appellant contends that the trial court erred in his excusal of some prospective jurors from the venire. The record does not reflect that the appellant excepted to any of the recusals of such prospective jurors. Therefore, this issue is not preserved for our review. Williams v. State, 51 Ala. App. 1,282 So.2d 349, cert. denied, 291 Ala. 803, 282 So.2d 355
(1973).
 II
Next, the appellant argues, citing § 15-9-84, Code of Alabama 1975, that he was entitled to a dismissal of his case because he was not afforded a trial within 90 days after he filed a motion for a speedy trial. As the appellant concedes in his brief, § 15-9-84 pertains to persons imprisoned in another state. The appellant was never imprisoned in another state and, therefore, there is no merit to this argument.
 III
Thirdly, the appellant contends that the indictment was defective because it failed to allege a specific amount of money. While the indictment in this case did not allege a specific amount of money, this defect makes the indictment voidable not void. Edwards v. State, 379 So.2d 336
(Ala.Crim.App. 1979), cert. denied, 379 So.2d 339 (Ala. 1980). Therefore, an objection to the indictment should have been made when the appellant was arraigned or at trial. This was not done. Thus, the indictment is not subject to review by this court. Edwards, supra.
 IV
Lastly, the appellant asserts that the trial court erred in his consideration of certified copies of three prior felony convictions of the appellant in Jefferson County, Alabama, because the certified copies were not authenticated by the custodian of the records. This is not necessary.
In Jefferson County certified copies of trial docket sheets have the same force and effect as minutes of the courts. Thomasv. State, 395 So.2d 1105 (Ala.Crim.App. 1981); Mallory v.State, 437 So.2d 595 (Ala.Crim.App.), cert. denied,437 So.2d 595 (Ala. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 722,79 L.Ed.2d 184 (1984). Also, the certified copies of the appellant's prior convictions show that the appellant was represented by counsel in each case.
The three prior convictions of the appellant were properly proven and were correctly used in sentencing this appellant under the Habitual Felony Offender Act.
This record is free of error and this cause is, therefore, affirmed.
AFFIRMED.
All Judges concur. *Page 66