The appellant, Bobby Aaron Saffold, was convicted of second degree rape, in violation of § 13A-6-62, Code of Alabama 1975. He was sentenced to 15 years' imprisonment, and the sentence was split, with the appellant to serve two years and the remainder of the sentence suspended, provided that the appellant serve five years' probation and agree to undergo testing for any sexual disorder and to submit to any treatment or counseling prescribed. The appellant was ordered to pay $1000 to the crime victims' compensation fund, plus court costs. He also was ordered to avoid contact with the victim or the victim's mother.
The state's evidence tended to show that the victim in this case was 13 years old at the time of the rape. During the summer of 1991, the victim was living with her father and her stepmother in Coosa County, Alabama. The appellant was the victim's stepbrother, and he was 30 years old at the time of the rape. The victim and the appellant were acquainted, and the appellant frequently visited the house where the victim lived.
On the morning of July 5, 1991, the victim was watching television alone at her father's house. At approximately 10:45 a.m., the appellant came into the house. A short time later, the appellant approached the victim and pushed her onto the couch. The victim testified that she tried to kick the appellant and that she screamed at him to get off of her. The victim said that the appellant pinned her legs down and held her wrists. The appellant then pulled the victim's shorts and panties off and unzipped his own pants. The appellant told the victim that he would let her go if she kissed him. She kissed him on the cheek. She stated that the appellant then said, "That wasn't good enough," and that he then penetrated her. Afterwards, the victim got up and put her clothes on. She went outside and sat down on the patio. The appellant approached her and told her that he was sorry and then left.
Audra Saffold, the appellant's sister, confirmed that she had left the victim alone on the morning of the rape. She testified that, as she was returning to the house, she saw the appellant driving away.
The victim's father later took the victim to be examined by Dr. Charles Camp. At approximately 3:00 or 3:30 p.m., on July 5, 1991, Dr. Camp performed a pelvic examination and collected evidence for the rape kit. He testified that the sperm he collected were nonmotile and he concluded that the victim had not had intercourse within three to four hours before he examined her. He admitted that a high level of acid in the victim's vagina could have killed the sperm in a shorter period of time. Dr. Camp did not note any physical signs of trauma other than a bruise on the victim's knee, but he said that he did not expect to find any signs of trauma if the rape occurred as the victim had described it.
Elaine Scott, a forensic serologist with the Department of Forensic Sciences, also testified for the state. She testified that she had performed a DNA analysis, comparing a sample of the appellant's blood with the semen included in the rape kit that had been given to her. She found a match between the blood sample and the semen on all three of the DNA sites tested.
 I
The appellant initially contends that there was insufficient evidence to find him guilty of second degree rape, and, therefore, that the trial court erred in denying his motion for a judgment of acquittal. He argues that there was evidence presented at trial that raised a reasonable doubt concerning his guilt. He notes specifically a pre-trial statement by the victim, in which she said she was unsure whether the appellant had penetrated her vagina with his penis or with his finger. The appellant also notes that Dr. Camp's testimony tends to indicate that the victim did not have sex within three to four hours before *Page 1109 
her examination by Dr. Camp. Basically, the appellant is rearguing the evidence and has asked this court to act as a second trier of fact. This is not our function.
The statute defining second degree rape, § 13A-6-62, Code of Alabama 1975, states, in pertinent part:
 "(a) A male commits the crime of rape in the second degree if:
 "(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female."
When considering a sufficiency issue, a reviewing court views the evidence in the light most favorable to the state.Colvette v. State, 568 So.2d 319 (Ala.Cr.App. 1990). Further, "it is not the province of [the Court of Criminal Appeals] to reweigh the evidence presented at trial." Watkins v. State,565 So.2d 1227, 1231 (Ala.Cr.App. 1990).
The "weight of the evidence" refers to " 'a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.' " Tibbs v. Florida, 457 U.S. 31, 37-38, 102 S.Ct. 2211,2216, 72 L.Ed.2d 652 (1982); Bland v. State, 601 So.2d 521, 524
(Ala.Cr.App. 1992); Johnson v. State, 555 So.2d 818, 820
(Ala.Cr.App. 1989). Conflicting evidence presents a jury issue.Smith v. State, 583 So.2d 990 (Ala.Cr.App.), writ denied,583 So.2d 993 (Ala. 1991). "The jury is the judge of the facts, the demeanor of the witnesses, and their testimony." Finch v.State, 445 So.2d 964 (Ala.Cr.App. 1983). Further, "[t]he testimony of the victim alone is sufficient to establish a prima facie case of either rape or sexual abuse," Jones v.State, 580 So.2d 97, 103 (Ala.Cr.App. 1991), or any lesser included offense. Williams v. State, 51 Ala. App. 1,282 So.2d 349, cert. denied, 291 Ala. 803, 282 So.2d 355 (1973). Where facts are presented from which the jury could reasonably infer that the alleged crime has been committed, then the question must be submitted to the jury. Brandon v. State, 542 So.2d 1316
(Ala.Cr.App. 1989). "The jury is then under a duty to draw permissible inferences from the circumstantial evidence presented and to base its verdict accordingly." Id. at 1318.
Based on the facts recited above, there was sufficient evidence presented to the jury for it to find the appellant guilty of second degree rape. Therefore, no reversible error occurred here.
 II
The appellant next contends that the trial court erred by receiving the results of the DNA testing into evidence. He argues that the trial court erred by failing to grant him the "proper discovery" of the DNA testing procedures and results, in violation of Ex parte Perry, 586 So.2d 242 (Ala. 1991). He also argues that the state failed to comply with his discovery requests, and that, therefore, the DNA test results should not have been received into evidence. However, the record does not support these allegations, and further, no error has been preserved for our review. On October 17, 1991, the appellant's trial counsel filed several discovery motions, including a request for reports of any scientific testing or analysis. On February 18, 1992, the appellant's trial counsel filed a motion to produce the results of the DNA test. However, when these motions were filed, no DNA testing had been performed. The results of the DNA test were sent to the state on August 25, 1992. Thereafter, the prosecutor sent the appellant's trial counsel the results of the test. This was the first opportunity that the state had to comply with the appellant's discovery request.
The appellant's trial began on September 1, 1992, only seven days after the results of the DNA test became available. However, the appellant did not request a continuance and there was no other discussion of the timeliness of the discovery until the second day of the trial. During this discussion, the appellant did not allege any error in the discovery proceedings. Also during the second day of trial, the trial court entertained the appellant's motion to suppress the state's DNA evidence. At this time the trial court granted the appellant's motion to suppress as to any testimony concerning population genetics or frequency statistics. However, the appellant withdrew his motion to suppress as *Page 1110 
it related to the "matching" portion of the DNA test and that testimony was admitted without objection.
Therefore, any issue concerning the state's compliance with discovery as it relates to the results of the DNA test and the admission of those results is being raised for the first time on appeal and is therefore procedurally barred. Donahoo v.State, 552 So.2d 887 (Ala.Cr.App. 1989). "In order for this court to review an alleged erroneous admission of evidence, a timely objection must be made to the introduction of the evidence, specific grounds for the objection should be stated and a ruling on the objection must be made by the trial court."Goodson v. State, 540 So.2d 789, 791 (Ala.Cr.App. 1988). See also Wood v. State, 416 So.2d 794 (Ala.Cr.App. 1982).
The appellant also contends that the state failed to lay the correct foundation or predicate before the admission of the DNA test results. However, no objection was made concerning this issue and so this issue is being raised for the first time on appeal. Therefore, the issue is procedurally barred.Goodson, supra.
 III
Last, the appellant contends that the chain of custody of the rape kit was not established prior to its admission into evidence. Again, however, the rape kit was received into evidence without objection from the appellant. Our jurisdiction is appellate only. Trawick v. State, 431 So.2d 574 (Ala.Cr.App. 1983). We will not consider matters on appeal that have not first been presented to the trial court. Harris v. State,420 So.2d 812 (Ala.Cr.App. 1982).
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.