The appellant, Gary Owen Matthews, was convicted of attempted rape[1] and of kidnapping. See § 13A-6-61, § 13A-4-2, and §13A-6-43, Code of Alabama 1975. He was sentenced to 20 years' imprisonment on the attempted rape conviction and to 50 years' imprisonment on the kidnapping conviction, these sentences to be served concurrently.
This case was originally submitted to this court on December 29, 1993. The submission was set aside when the appellant filed a post-conviction petition under Rule 32, Ala.R.Crim.P. Action on the appeal was stayed until the trial court ruled on the petition. The cause was resubmitted to this court on June 16, 1994. The current appeal is from both the appellant's convictions for attempted rape and kidnapping and the denial of his Rule 32 petition.
The state's evidence tended to show the following. M.S.C.[2] was a college student who was working as a student intern at an elementary school in Helena, Alabama. M.S.C. testified that on January 24, 1992, at approximately 7:00 a.m. she was in front of her parents' house standing by her car when the appellant drove up in a car. He told her that he had seen her at the school and that he wanted them to spend the day together. She refused and went inside the house. A few days later, on January 27, 1992, she went home from school early in the morning to replace her contacts with her glasses. The appellant was standing behind her car as she left the house. He approached her, grabbed her, and dragged her across two neighbors' yards to a wooded area. The appellant then removed M.S.C.'s shirt and bra, sat on top of her, knocked her glasses off, and tried unsuccessfully to tie her hands and neck with a wire cable. He then removed the rest of her clothes and inserted his penis in her vagina. M.S.C. testified that he was having some difficulty penetrating her because she was struggling to get away. She said that the appellant then picked up a stick and stuck it in her vagina and told her that if she didn't cooperate "he would pull it through [her] mouth." The appellant then started calling her names. M.S.C. managed to get away and run to a nearby police station.
 I
The appellant initially contends that the state failed to meet its burden of proof and that, therefore, the court erred in denying his motion for a judgment of acquittal. Specifically, he contends that "each and every evidentiary fact presented to the jury relating to both offenses charged was refuted by overwhelming evidence."
The appellant's argument concerns the weight of the evidence presented. The weight to be accorded the evidence is within the exclusive province of the jury.
 "The 'weight of the evidence' refers to ' "a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." ' Tibbs v. Florida, 457 U.S. 31, 37-38, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982). Bland v. State, 601 So.2d 521, 524 (Ala.Cr.App. 1992); Johnson v. State, 555 So.2d 818, 820 (Ala.Cr.App. 1989). Conflicting evidence presents a jury issue. Smith v. State, 583 So.2d 990 (Ala.Cr.App.), writ denied, 583 So.2d 993 (Ala. 1991). 'The jury is the judge of the facts, *Page 68 
the demeanor of the witnesses, and their testimony.' Finch v. State, 445 So.2d 964
(Ala.Cr.App. 1983). Further, '[t]he testimony of the victim alone is sufficient to establish a prima facie case of either rape or sexual abuse.' Jones v. State, 580 So.2d 97, 103 (Ala.Cr.App. 1991), or any lesser included offense. Williams v. State, 51 Ala. App. 1, 282 So.2d 349, cert. denied, 291 Ala. 803, 282 So.2d 355 (1973). Where facts are presented from which the jury could reasonably infer that the alleged crime has been committed, then the question must be submitted to the jury. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App. 1989). 'The jury is then under a duty to draw permissible inferences from the circumstantial evidence presented and to base its verdict accordingly.' Id. at 1318."
Saffold v. State, 627 So.2d 1107, 1109 (Ala.Cr.App. 1993). See also Cunningham v. State, 630 So.2d 154 (Ala.Cr.App. 1993).
As this court stated in O'Barr v. State, 639 So.2d 533, 535
(Ala.Cr.App. 1993):
 "Any inconsistencies and conflicts in the evidence were for the jury to resolve. This court is not a finder of fact and will not second-guess juries in their conclusions as to the facts of a case. ' "[V]erdicts rendered [on conflicting evidence] are conclusive on appeal." Johnson v. State, 555 So.2d 818, 820 (Ala.Cr.App. 1989).' Dailey v. State, 604 So.2d 436 (Ala.Cr.App. 1992). See also Woods v. State, 592 So.2d 631 (Ala.Cr.App.), writ quashed, 592 So.2d 636 (Ala. 1991)."
There was sufficient evidence of both kidnapping and attempted rape to present the case to the jury for their determination. The court did not err in denying appellant's motion for a judgment of acquittal.
 II
The appellant next contends that the court erred in denying his motion for a mistrial when during opening statements the prosecution made the following comment:
 "The evidence will show you that at a bond hearing in this courtroom, in this courtroom right here on October the 23, 1992, the defendant was in this courtroom. The victim was in this courtroom and so was the victim's husband, that the defendant was seated where he is now. The husband is seating behind her. The defendant turns around and winks and blows him a kiss."
When defense counsel requested a motion for a mistrial, the following occurred:
 "The court: At this time, the Court will grant a motion in limine but not a motion for mistrial. Direct the state to make no further comment about that item until such time as the court is able to take this up further.
 "Mr. Matthews [defense counsel]: May we have order to strike, for the judge to request that that particular comment —
 "The court: Does the state intend to call the husband . . . for that purpose?
 "Mr. Hillman [prosecutor]: Absolutely. Absolutely. I think it's admissible evidence. It goes to his consciousness of guilt.
 "The court: I will not strike at this time. I will instruct the state to make no further comment about it. I will take up whether or not that is a relevant issue at a later time, whether or not the state can call that witness for that purpose."
Initially, we note that the granting of a motion for a mistrial is an "extreme measure." Bowers v. State, 629 So.2d 793
(Ala.Cr.App. 1993).
Here, the victim's husband testified concerning the substance of the remark made by the prosecution in opening statements. His testimony before the jury was that the event happened as described in the opening statement. Rule 45, Ala.R.App.P. See also Rheaume v. State, 624 So.2d 678 (Ala.Cr.App. 1993);Freeman v. State, 586 So.2d 1013 (Ala.Cr.App. 1991). The court did not err in denying the appellant's motion for a mistrial.
 III
The appellant next contends that the court erred in refusing to recharge the jury on the "burden of proof" and "reasonable doubt" when the jury returned with two questions. *Page 69 
The record reflects that the court recharged the jury on the elements of each offense charged but did not recharge on the concepts of burden of proof and reasonable doubt. No error occurred here.
 "[A] trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury, and it is assumed that the jury will consider the previously given instructions along with those given in the supplemental charge."
Fountain v. State, 586 So.2d 277, 281 (Ala.Cr.App. 1991).
 IV
The appellant also appeals from the court's denial of his Rule 32, Ala.R.Crim.P. petition.
The appellant argued in his petition that the state failed to disclose certain items of evidence and that its failure to disclose that evidence denied him a fair trial. This issue is raised for the first time in the appellant's Rule 32 petition. Thus, the appellant is precluded from raising this issue under Rule 32.2(a)(3), Ala.R.Crim.P.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] The appellant was indicted for rape in the first degree, but was found guilty of the lesser included offense of attempted rape.
[2] The anonymity of the victim is being protected pursuant to Rule 52, Ala.R.App.P.