213 So.2d 644

**Robert Homer JOHNSON**

v.

**STATE.**

6 Div. 566.

Supreme Court of Alabama.

Aug. 15, 1968.

Wm. T. Kominos, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

HARWOOD, Justice.

This appellant has been adjudged guilty of robbery, his sentence being fixed at forty years imprisonment in the penitentiary.

The evidence presented by the state tends to show that around 5:00 P.M., Monday, 30 December 1966, the appellant came into the shop of Charlie Howard Cleaners, located in Birmingham. Present were Mrs. Margaret Anderson, manager of the cleaning establishment, and Classie Moore, an employee. The appellant stated, "I want your money," placed a bag on the counter and ordered that it be picked up. Classie Moore picked up the bag, took it to the cash register and placed the money in the cash register, about $25.00, in the bag. During this time the appellant held his hand in the right hand pocket of his coat and told Mrs. Anderson, "I don't want any foolishness out of you this time. I will shoot you right now."

The bag containing the money being turned over to the appellant, he left the cleaning shop. Mrs. Anderson and Classie Moore gave a description of the man who had robbed them to the police.

At the trial below, both Mrs. Anderson and Classie Moore identified the appellant as being the person who robbed them.

On their *cross examination* both of these witnesses also testified that a few days after the robbery they had seen the appellant enter and leave a grocery store located directly across the street from Charlie Howard Cleaners. At this time the appellant was accompanied by a man named Charlie Moore who lived next to the cleaning establishment. Mrs. Anderson thereupon contacted the police. Later, and after appellant's arrest, the witnesses identified the appellant from a picture shown them by the police.

After the appellant's arrest these two witnesses also identified the appellant at a police line-up in January 1967.

■ We do not see how the question of the police line-up identification evidence could be reviewed by us on this appeal in view of the posture of the record, i. e., the injection of the police line-up testimony into the record by the appellant with no later motions to exclude it.

■ Even so, since these confrontations took place prior to 12 June 1967, that is, in January 1967, the doctrines of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 2d 1178, relative to the necessity of counsel for accused at a police line-up at which the accused is identified by viewers, can have no application. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

■ During the cross examination of Detective Barnes, a witness for the state, the court sustained the state's objections to a question seeking to elicit testimony as to whether the appellant had told Barnes after his arrest that he was at his home at the time of the robbery.

This statement by the appellant was no part of the res gestae of the offense, and was self-serving. The court's action in the premises was correct. See Ala. Digest, Crim. Law, ☞413(1) for innumerable authorities to this effect.

■ Counsel for appellant argues that the court erred in refusing appellant's request for the general affirmative charge in that the evidence presented by the state fails to establish that the taking of the money was effectuated by the use of force or by putting anyone in fear.

Under the evidence, this was clearly a question for the jury to determine, and the jury's conclusion in this regard is amply supported by the evidence.

■ Further, there was no request for the affirmative charge, no motion to exclude the evidence, and no motion for a new trial. The sufficiency of the evidence is therefore not before us for review. Robinson v. State, 44 Ala.App. 206, 205 So.

2d 524; Parker v. State, 37 Ala.App. 169, 65 So.2d 215.

Affirmed.

LIVINGSTON, C. J., LAWSON and MERRILL, JJ., concur.