283 So.2d 662

**Danny Thomas SMITH**

v.

**STATE.**

**5 Div. 181.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

sault or assault and battery shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than fifty dollars nor more than one thousand dollars, or by imprisonment in the county jail for not less than thirty days nor more than one year, or by both such fine and imprisonment."

The jury returned a guilty verdict and assessed a fine of $500.00, and the trial court, as additional punishment, sentenced appellant to imprisonment in the Lee County, Alabama, jail for a period of one year. The fine and costs not being presently paid nor judgment confessed, appellant was sentenced to hard labor for Lee County for a period of 140 days for the fine and an additional 35 days to pay the costs of $102.25 at the rate of $3.00 per day.

Appellant made known to the court that he desired to appeal from the judgment of conviction and to have his sentence suspended pending appeal. He also requested a free transcript and a court appointed lawyer to represent him on appeal. His requests were granted and he is free on an appeal bond in the amount of $3,000.00.

No brief for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was put to trial in the circuit court of Lee County upon a complaint filed by the District Attorney charging a violation of Section 374(19), Title 14, Code of Alabama 1940, as amended, which is as follows:

"Whenever any peace officer or other law-enforcement officer of this state or any political subdivision of this state shall be engaged in the active discharge of his lawful duty or duties, it shall be unlawful for any person to commit any assault or assault and battery upon such officer and any person guilty of such as-

The facts are in sharp conflict. Deputy Sheriffs Ronnie Watkins and Jerry Popwell testified that between 11:00 and 12:00 o'clock on the night of November 19, 1971, they were on duty in the Lee County Sheriff's Department where appellant and his brother were being "booked." Both Deputies were in uniform. Appellant and his brother had been arrested by some other officers at Smith Station in Lee County earlier that night and transported to the Lee County jail in separate police automobiles. It is not clear from the record what offense or offenses were committed by appellant and his brother at Smith Station that caused them to be arrested. Appellant testified that he had not been in a fight but the officers at Smith Station had him down and handcuffed and were beating him and spraying mace on his face and in his eyes.

Both officers stated that appellant and his brother had been drinking on the occasion involved and that Deputy Popwell had been called in to give appellant a test for intoxication which he was unable to take because of his condition. Appellant's brother was put in a cell first and they were carrying appellant up some stairs to put him in the same cell with his brother when appellant jerked away from Deputy Watkins and struck him in the face with his fist. The force of the blow knocked Watkins into a large fan on the floor and appellant then got on top of him. Deputy Popwell got appellant by the hair on his head and pulled him off Watkins and both officers subdued him and put him in the jail cell. The officers testified that appellant struggled, fought and cursed them before and after he was placed in the cell.

Appellant's brother testified that he was put in a cell about forty minutes before the officers brought appellant to the same cell; that when he appeared with these two officers his eyes were swollen, he was bleeding, his face was beat up and he had difficulty seeing. The brother admitted that appellant had some bruises on his face when they arrived at the Sheriff's office, but they were worse when he was brought to the cell block.

Appellant denied that he struck Deputy Watkins at any time, or any other officer. He claimed that Watkins kicked him and one of the officers "threw me down on the floor and started pulling my hair, kicking me in the head and face and drug me back to the cell and locked me up."

The lawyer who represented appellant in the court below was appointed to represent him on appeal. This lawyer aggressively defended appellant before the jury and is thoroughly familiar with the case. He did not file a brief in this court, but did file a "no merit" letter to the effect that there is no reversible error in the record. We are in complete accord with his "no merit" letter. A brief, no matter how elaborately prepared, would not be of any help to ap-

pellant or aid this court in any way. Atwell v. State, 49 Ala.App. 207, 269 So.2d 920.

█ As above stated the evidence in this case for the prosecution and the defense was hopelessly in conflict. This made and presented a jury question as to the guilt of appellant. Morris v. State, 47 Ala.App. 132, 251 So.2d 629; Miller v. State, 39 Ala.App. 584, 105 So.2d 711.

█ Appellant is an indigent. Under Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 568, he cannot be required to serve time for non-payment of the fine and costs.

The case is affirmed but remanded for proper sentence.

Affirmed. Remanded for proper sentence.

All the Judges concur.