321 So.2d 245

**Issiac BROWN**

v.

**STATE.**

**3 Div. 386.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1975.

Charles C. Carlton, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for the State, appellee.

HARRIS, Judge.

Appellant was put to trial upon an indictment charging murder in the first degree. At arraignment, attended by counsel, he pleaded not guilty. The jury returned a verdict finding appellant guilty of murder in the second degree and fixed his punishment at twenty-five years in the penitentiary. He gave notice of appeal but did not request the sentence be suspended pending appeal. He petitioned the court for a free transcript and a lawyer to represent him on appeal. He is in this court with a free transcript and trial counsel was appointed to represent him on appeal.

Appellant admitted that he shot the deceased twice with a .22 caliber pistol in the early morning hours of November 4, 1973, at the home of Mary Ella Williams located at 940 Lincoln Road in the city and county of Montgomery, Alabama. There were several eyewitnesses to the shooting. Several people spent the night at this address the night before the shooting. Most of them had been out on the town the night before and were drinking.

We do not consider it necessary to set out in detail the testimony of all the witnesses as the sufficiency of the evidence is not presented to us for review.

The state's evidence tended to show that appellant and the deceased were arguing and cursing each other. According to the witnesses for the state the deceased was not armed with a weapon of any kind and was shot the first time by appellant while sitting in a chair, and had made no threats to do any injury to appellant; that after he was shot he fell on the floor on his back; that appellant was standing five or six feet from the deceased when the first shot was fired, and while lying on the floor mortally wounded, appellant walked over to him and shot him a second time. One of the witnesses told appellant not to shoot him again to which appellant replied, "let the ＿＿＿ ＿＿＿ die." Appellant then went in the back of the house and hid the pistol and left the house. Sometime later he returned to the house and showed a police officer where he hid the pistol. The officer took the pistol and arrested appellant and took him to police headquarters.

Appellant testified that the deceased threatened to kill him and ran his hand toward his pocket and was approaching him when he fired the first shot. His testimony was in conflict with all the other witnesses.

Dr. Richard A. Roper, the County Coroner, whose qualifications were admitted, stated that the cause of death was hemorrhage and shock associated with the gunshot wound to the chest.

There was no motion to exclude the state's evidence; there was no motion for a new trial; there was no request for the affirmative charge; there were no exceptions reserved to the oral charge of the court, and no adverse rulings on the admission of evidence during the trial. As a matter of fact, all of the photographs taken of the scene of the shooting, the pistol, the bullet recovered from the body of the deceased, and photographs of the dead body were introduced in evidence without objections. In this state of the record nothing is presented to this court to review. *Eady*

**280**

*v. State,* 48 Ala.App. 726, 267 So.2d 516; *Johnson v. State,* 282 Ala. 584, 213 So.2d 644; *Grant v. State,* 46 Ala.App. 232, 239 So.2d 903; *Mosley v. State,* 54 Ala.App. 59, 304 So.2d 613.

As we have pointed out appellant's version of the shooting was in sharp conflict with the state's evidence. This made a clear cut case for the jury to decide. *Smith v. State,* 51 Ala.App. 212, 283 So.2d 662.

The judgment of conviction is affirmed.

Affirmed.

All the Judges concur.