General Bender was indicted for theft, while armed with a deadly weapon, in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant "guilty of robbery in the first degree" as charged in the indictment. The trial court set sentence at ten years' imprisonment in the penitentiary.
William Weems was employed by Coca Cola Bottling Company on April 24, 1981, as a route merchandiser. His job was to deliver cokes to businesses and collect money from them. At 2:00 p.m. on April 24, 1981, Weems had just finished making a delivery when he was approached from behind by two men. One of the men placed a gun to Weems' head while the other held a knife to his throat. The two men ordered Weems to lie down on the street and give them his billfold. When Weems failed to surrender his billfold, one of the men cut his hand and took the billfold. The assailants then fled on foot.
Weems immediately called the police and gave a description of the robbers. Approximately forty minutes later, a policeman, who was patrolling the area where the robbery was committed, spotted a man who fit the description Weems had given. The officer testified that the man ducked behind a railroad car when he noticed the police car. When the officer accidently activated the siren, the man then took off his shirt and began to flee.
The officer pursued the suspect and took him into custody. The suspect was taken back to the scene of the robbery where Weems identified the suspect as one of the two men who had robbed him. The suspect was identified as General Bender, the appellant.
The appellant produced several alibi and character witnesses and challenged the accuracy of Weems' identification of the appellant. The appellant stated the reason he fled from the police officer was that he was about to use the bathroom when he saw the police car. He fled because he thought he would go to jail for "taking a leak in public."
 I
The appellant's sole contention is that the trial court erred in overruling the defense's motion to exclude the State's evidence. Counsel for the appellant contends the state failed to prove a prima facie case and, therefore, the verdict was contrary to the evidence.
"In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the State and accord the State all legitimate inferences therefrom. The evidence must be considered in the light most favorable to the prosecution." Johnson v. State,378 So.2d 1164 (Ala.Cr.App. 1979).
This court will not disturb a verdict of conviction on the grounds of insufficiency of the evidence, "unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust." Johnson, supra. This court is not so convinced. We believe there was sufficient legal evidence from which the jury could, by fair inference, have found the *Page 845 
appellant guilty in this case. Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.