Appellant, Gregory Stewart, was indicted by the 1983 Spring Term of the Tallapoosa County Grand Jury for the offense of Robbery in the First Degree. He was arraigned on March 4, 1983, and pled not guilty to the charge. Trial by jury ensued on March 30, 1983, and appellant was convicted of Robbery in the First Degree. He received a sentence of 99 years in the penitentiary pursuant to the Habitual Felony Offenders Act.
Testimony at trial revealed that, on November 6, 1982, Anita Price, along with her child, Dorothy Caldwell, and her two children drove to the Alexander City Shopping Center. After Mrs. Price parked the car, belonging to Mrs. Caldwell, in the shopping center parking lot, the women observed Mr. Stewart approaching them. As he walked toward them they noticed that he had a brown towel in his hand. Mr. Stewart stopped at the car and initiated a conversation with the women during which he asked for Mrs. Price's name and telephone number which she declined to give to him. The appellant then announced, "This is a robbery" holding out his hand with the towel draped over it. He proceeded to order the occupants out of the car, adding, "I got a gun and if you scream I'll shoot." He ordered Mrs. Price to stay in the car, but she got out also.
Appellant then got into Mrs. Caldwell's car and drove off. After Mrs. Caldwell reported the incident authorities chased appellant at high speeds down country roads before he was stopped and arrested at a roadblock.
The issues raised on appeal are (1) whether the evidence was sufficient to sustain a conviction for Robbery in the First Degree, and (2) whether the trial court erred in not allowing the defense to use visual aids which summarized various aspects of the witnesses' testimony.
In order to sustain a conviction of Robbery in the First Degree under § 13A-8-41, Code of Alabama 1975, three elements must be proven by the State: (1) that in the course of committing a theft (2) defendant used force against the person or the owner or any person present with intent to overcome his physical resistance, and (3) while committing the theft defendant was armed with a deadly weapon.
Appellant admitted at trial and in his appellate brief that he committed the alleged theft of the automobile. The only issues in contention regarding sufficiency of the evidence are, therefore, whether appellant used force against Mrs. Price in the course of the theft and whether appellant was armed with a deadly weapon.
Johnson v. State, 282 Ala. 584, 213 So.2d 644 (1968) is directly analogous to appellant's case on the question of whether force was used against the victim. In Johnson, defendant, while robbing a dry cleaning store, kept his right hand in his coat pocket. He did not display a gun, but said to the victim, "I don't want any foolishness out of you this time. I will shoot you right now." The court found that whether this threat constituted force was a question for the jury and that the jury's decision in the affirmative was amply supported by the evidence. Certainly, Mr. Stewart's assertion, "I got a gun and if you scream, I'll shoot," is sufficient of force to support the jury's finding in this case.
This court has held on several occasions that it is not necessary to prove that a defendant displayed a gun during a robbery or that he actually had a gun to sustain a conviction for Robbery in the *Page 1364 
First Degree. Miller v. State, 431 So.2d 586 (Ala.Cr.App. 1983); Bender v. State, 420 So.2d 843 (Ala.Cr.App. 1982); Jamesv. State, 405 So.2d 71 (Ala.Cr.App. 1981). In James v. State, supra, the court stated, "Indeed, in order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation." James v. State, supra, at 73. Here, appellant's actions and threats instilled in the victim the reasonable belief that he was armed with a gun, and under § 13A-8-41 (b) this constituted prima facie evidence that he was so armed, and the jury's determination in this matter should be upheld.
Appellant contends lastly that the trial court erred in disallowing the use of visual aids by the defense. The use of such props as blackboards, diagrams and charts for the purpose of illustrating testimony is, however, within the sound discretion of the trial court. Payne v. Jones, 284 Ala. 196,224 So.2d 230 (1969). Appellant contends that the chart which was disallowed was needed to establish eye contact with the jury during closing arguments, to explain the technical elements of robbery and to refresh the jurors' memory as to the testimony of all the witnesses. This case, however, was not complex. There were six witnesses and one day of trial concerning a single incident in a shopping center parking lot. Witnesses were certain about their testimony and the crime in question contained only three elements. On an examination of the record it does not appear that the trial judge abused his discretion in disallowing defendant's chart.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.