The appellant, Jimmy Glover, was convicted of robbery in the third degree, a violation of 13A-8-43, Code of Alabama 1975. He was sentenced to 10 years in prison, to serve 2 years' imprisonment; and the remainder of the sentence was suspended and he was placed on probation for 5 years.
The sole issue presented on appeal is whether sufficient evidence was presented by the state to sustain a conviction of robbery in the third degree. Section 13A-8-43 states, in pertinent part:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."
The state's evidence tended to show that in the early morning hours of August 10, 1991, the appellant entered a Circle K convenience store in Mobile, where he picked up two 12-packs of beer. J.M. Wiley was working in the store at the time. When he saw the appellant with the beer, Wiley, who knew the appellant, told him that he could not purchase beer from that store during his shift and that he had to leave the store. The appellant then placed the beer on the counter and Wiley escorted him to the door of the building. As Wiley was returning to the counter he heard what sounded like the cocking of a gun. Wiley looked back at the appellant and saw an automatic pistol in his hand. Wiley quickly *Page 1254 
moved behind a drink machine, fearing that the appellant would shoot. As he moved behind the machine, he saw the appellant leaving the store with one of the 12-packs of beer. Wiley then turned on the alarm system.
The police responded to the "hold-up" alarm. Wiley gave the police a description of the appellant, which was broadcast over the police radio. Less than 30 minutes later, an officer apprehended the appellant approximately 5 blocks away from the store. The appellant was brought back to the store, where Wiley identified him.
The appellant admitted stealing the beer, but he claimed that he did not use a gun.
When deciding an issue of sufficiency of the evidence, this court must view the evidence in a light most favorable to the state. Barnes v. State, 565 So.2d 1274 (Ala.Cr.App. 1990). Here, the store employee and a customer, who was inside the store at the time of the robbery, testified that the appellant pulled a gun out, grabbed the beer, and then fled. While their testimony as to the color of the gun differed, both witnesses stated that the appellant had a pistol at the time he committed the robbery. It is the jury's function to reconcile any differences in the witnesses' testimony. Further, the jury is the sole factfinder and the jury determines the weight and credibility to be attached to the evidence presented at trial.Johnson v. State, 555 So.2d 818 (Ala.Cr.App. 1989). It is not the function of this court to reweigh the evidence. Marks v.State, 581 So.2d 1182 (Ala.Cr.App. 1990); Gossett v. State,451 So.2d 437 (Ala.Cr.App. 1984). There was sufficient evidence presented for the jury to find the appellant guilty of robbery in the third degree.
The appellant also argues that he lacked the intent required by the statute because, he argues, there was no forcible use of a gun in taking the beer. Wielding a gun, however, constitutes both the use of force and the threat of force as a matter of law. Kent v. State, 504 So.2d 373 (Ala.Cr.App. 1987). Here, the appellant drew a gun and the employee got behind the drink machine specifically to avoid the appellant. The very fact of the gun's presence — not its use — is sufficient to establish the intent required by § 13A-8-43, Code of Alabama 1975.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.