This a death penalty case. The petitioner, Mark Allen Jenkins, raises numerous issues for our review, all of which, as far as we can tell, were also raised on direct appeal to the Court of Criminal Appeals and addressed by that Court in an opinion. Jenkins v. State, 627 So.2d 1034 (Ala.Cr.App. 1992).
 GUILT-PHASE ISSUES: ISSUES RELATING TO INSTRUCTIONS TO THE JURY
A. Whether the trial court erred in failing to instruct the jury on the lesser included offense of felony or unintentional murder.
B. Whether the trial court erred in refusing to charge the jury that it could not find Jenkins guilty of capital murder committed during the course of a robbery unless it found that the intent to deprive the victim of her property was formedbefore the victim's death.
C. Whether the trial court erred in refusing to charge the jury that it was the final arbiter of the voluntariness and reliability of custodial statements made by Jenkins.
D. Whether the trial court erred in charging the jury that no negative inference should be drawn from Jenkins's election to exercise his 5th Amendment right not to testify.
E. Whether the trial court erred in charging the jury on the standard it was to use in evaluating circumstantial evidence.
F. Whether the trial court violated Cage v. Louisiana,498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), in its definition of "reasonable doubt."
 ISSUES RELATING TO COMMENTS MADE BY THE PROSECUTOR
A. Whether the prosecutor commented on Jenkins's failure to testify or present evidence, and, thus, violated Jenkins's rights under the 5th and 14th Amendments to the United States Constitution.
B. Whether the prosecutor's use of photographs, during closing argument in the guilt phase of Jenkins's trial, as evidence of intent denied Jenkins a fair trial.
C. Whether the prosecutor's reference to eyewitness Sarah Harris's explanation for *Page 1055 
her failure to positively identify Jenkins before trial denied Jenkins a fair trial.
D. Whether the prosecutor improperly offered to the jury his opinion as to Jenkins's guilt and thereby violated Jenkins's right to a fair trial.
E. Whether the prosecutor misstated points of law during his closing argument and thereby confused and misled the jury and deprived Jenkins of a fair trial.
 SUFFICIENCY-OF-THE-EVIDENCE ISSUES
A. Whether the evidence was legally sufficient to find Jenkins guilty beyond a reasonable doubt of the underlying offense of first degree kidnapping.
B. Whether the State's kidnapping theory was constitutionally deficient because of overbreadth.
C. Whether the evidence was legally insufficient to find Jenkins guilty beyond a reasonable doubt of the underlying offense of first degree robbery.
 SEARCH AND SEIZURE ISSUE
Whether the trial court erred in admitting a business card that was allegedly the product of an illegal search and seizure.
 EYEWITNESS IDENTIFICATION ISSUES
A. Whether the trial court erred in allowing the State to introduce identification testimony from Sarah Harris.
B. Whether the trial court erred in failing to include in its jury charge various factors that the factfinder should consider in evaluating an eyewitness identification.
 CHAIN-OF-CUSTODY ISSUES
A. Whether the State failed to show the requisite chain of custody for the stolen red Mazda vehicle from which numerous pieces of evidence, including the fibers connecting Jenkins with the car and with the victim, were taken.
B. Whether the State failed to show the requisite chain of custody for the business card found in Jenkins's wallet.
C. Whether the State failed to show the requisite chain of custody, and to properly identify, the boots, blue jeans, and other clothing introduced into evidence at trial.
 ISSUES INVOLVING CHALLENGES TO PROSPECTIVE JURORS
A. Whether the trial court erred in excusing a prospective juror for cause on death-penalty-qualification grounds.
B. Whether the trial court erred in failing to excuse five prospective jurors for cause.
C. Whether the trial court erred in failing to find that the State impermissibly discriminated against jurors on the basis of race.
 ISSUES INVOLVING INTRODUCTION OF A PHOTOGRAPH INTO EVIDENCE
A. Whether the trial court erred in allowing the State to use, argue from, and place into evidence a photograph of the victim's body in an advanced state of decomposition, over Jenkins's objections that the photograph was immaterial and irrelevant.
B. Whether the prosecutor's use of the photograph to help establish the intent element of the State's case denied Jenkins a fair trial.
 OTHER EVIDENTIARY ISSUES
A. Whether the trial court erred in denying Jenkins's motion for mistrial after the State elicited testimony regarding Jenkins's character.
B. Whether the trial court erred in allowing the State to introduce testimony that Jenkins claims was immaterial and irrelevant regarding the victim's life.
 PENALTY PHASE ISSUES: CLOSING ARGUMENT ISSUES
A. Whether the trial court erred in allowing the prosecutor to argue a nonstatutory aggravating circumstance to the jury. *Page 1056 
B. Whether the trial court erred in allowing the prosecutor to argue facts concerning the victim's family and lifestyle.
C. Whether the trial court erred in allowing the prosecutor to urge the jury to reject any thoughts of mercy for the defendant.
D. Whether the trial court erred in allowing the prosecutor to argue deterrence during his penalty phase closing argument.
 ISSUES RELATING TO MITIGATING FACTORS
A. Whether the trial court used an inapplicable legal standard for intoxication.
B. Whether the trial court erred in failing to find intoxication as a nonstatutory mitigating factor.
C. Whether the trial court erred in failing to consider mitigating evidence from Lonnie Seal.
D. Whether the trial court erred in failing to consider evidence of Jenkins's childhood abuse.
We have carefully reviewed the opinion of the Court of Criminal Appeals, the transcript of the trial, and the briefs and the oral arguments of the parties, and we conclude that the judgment of conviction and sentence of death were due to be affirmed. We address only one issue: whether the trial court erred in refusing to instruct the jury on the lesser-included offense of felony- or unintentional murder.
 FACTS
The facts are stated in the opinion of the Court of Criminal Appeals, and we will not restate them except as necessary to a discussion of the issue we address.
The grand jury of St. Clair County, Alabama, indicted Mark Allen Jenkins for the murder of Tammy Hogeland. The indictment charged that Jenkins killed Hogeland by strangling her during the course of a robbery and/or during the course of a kidnapping. After a lengthy trial, the jury found Jenkins guilty. Following the presentation of penalty-phase evidence and arguments, the jury recommended, by a vote of 10 to 2, that Jenkins be sentenced to death by electrocution. The trial court sentenced Jenkins accordingly. The Court of Criminal Appeals affirmed Jenkins's conviction and sentence. We issued the writ of certiorari, pursuant to Rule 39(c), Ala.R.App.P.
 DISCUSSION
The Court of Criminal Appeals held that "[t]here was no evidence to support an instruction on felony-murder [because] the evidence revealed that the victim died as a result of manual strangulation." 627 So.2d at 1050.
Jenkins argues that, even assuming the jury believed that he committed the robbery and/or the kidnapping, it still could have found that he did not intentionally kill Hogeland during the course of the robbery or kidnapping; he says the jury could have found he was so intoxicated that he lacked the specific intent required for capital murder under § 13A-5-40(b), Ala. Code 1975.
We have reviewed the record in this case, including the oral instructions given to the jury, and we conclude, in view of the particular facts and circumstances of this case, that the trial judge did not err to reversal in instructing the jury. See,Wright v. State, 494 So.2d 726 (Ala.Cr.App. 1985), affirmed,494 So.2d 745 (Ala. 1986), a capital case conducted prior toBeck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392
(1980). The Court of Criminal Appeals initially reversed Wright's conviction and remanded the case on authority of Beck, but the United States Supreme Court, 457 U.S. 1114,102 S.Ct. 2920, 73 L.Ed.2d 1325 (1982), reversed the judgment and remanded the case to the Court of Criminal Appeals for further consideration in light of Hopper v. Evans, 456 U.S. 605,102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), which modified Beck by holding that a lesser included offense instruction must be given in a capital case "only when the evidence warrants such an instruction." Hopper, 456 U.S. at 611,102 S.Ct. at 2053, 72 L.Ed.2d at 373 (emphasis in original). See also Exparte Julius, 455 So.2d 984 (Ala. 1984) (a capital case in which this Court held that even though the trial court's instruction was "technically incorrect," when viewed "in the context of the overall charge" it was, at most, *Page 1057 
harmless). In this case, even assuming that the failure of the trial court to instruct the jury on the lesser included offense of felony-murder was incorrect, when we view it in the context of the overall charge to the jury, we, like the Court of Criminal Appeals, find no reversible error.
Although we have not addressed Jenkins's other arguments specifically, we have examined the record very carefully and we have also reviewed the propriety of the sentence of death, as we are required to do, and we conclude that the Court of Criminal Appeals properly affirmed the judgment of conviction and the sentence of death.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.