TAYLOR, Presiding Judge.
The appellant, Jerry Lee Gwin, was convicted of sodomy in the first degree, a violation of § 13A-6-63, Code of Alabama 1975, and of sexual abuse in the first degree, a violation of § 13A-6-66. He was sentenced to 20 years’ imprisonment for the sodomy conviction and to 10 years’ imprisonment for the sexual abuse conviction, those sentences to be served concurrently.
I
The appellant contends that the evidence was insufficient to sustain his convictions for sodomy and sexual abuse.
The evidence tended to show that between March 1992 and February 1993 the appellant had sexual contact with seven-year-old A.R. A.R. was seven years old in 1992. The victim, her mother, stepfather, and five-year-old brother were sharing a house in Midfield, with the appellant and his wife. The four adults had different work schedules and alternated keeping the children. The sexual offenses took place when the children stayed alone with the appellant. The pertinent portion of the state’s case was established by the testimony of two witnesses.
The victim, A.R., testified that on those occasions when the children stayed alone with the appellant, he would take her to his room, lock the door, and lay her down on the bed. She said that he would then blindfold her, pull down her pants, and rub her “private part” with his hand. She said he often licked her “private part” with his tongue. A.R. also testified that the appellant would place her on her stomach, hold her head down on the bed, and stick his “private part” into her “bottom.” She stated that her bottom would hurt when the appellant did this and that it would bleed. The appellant threatened to kill A.R.’s parents if she ever told. A.R.’s testimony was corroborated by another child whom the appellant occasional *901 ly took into the room with him and the victim.
Dr. Earl Stradtman, a pediatric gynecologist with the Children’s Hospital outpatient clinic in Birmingham, examined A.R. after her parents discovered bloodstains on her panties. He testified that several genital warts were scattered throughout A.R.’s vaginal opening and anal canal. He stated that genital warts are caused by a virus that is spread through sexual contact. The state introduced pathology reports that disclosed that both A.R. and the appellant were infected by this same skin virus.
A person commits first degree sexual abuse when “being 16 years old or older, [he] subjects another person to sexual contact who is less than 12 years old.” § 13A-6-66(a)(3). First degree sodomy occurs when an individual, “being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.” § 13A-6-63(a)(3). § 13A-6-60(2) defines deviate sexual intercourse as “[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another.” The state’s evidence was more than sufficient to establish a prima facie case of sexual abuse and sodomy against the appellant.
The appellant also asserts that the testimony of A.R. and the corroborating child was not credible and that the reliability of the viral testing procedures was never established. However, once a prima facie case is established, evidentiary issues concerning the weight and credibility of the evidence are not reviewable on appeal. Glover v. State, 610 So.2d 1253 (Ala.Cr.App.1992).
II
The appellant next contends that he was convicted twice for the same offense in violation of his right against double jeopardy. Specifically, he asserts that sexual abuse is a lesser included offense of sodomy, and, therefore, his being sentenced for both offenses constituted multiple punishment for the same conduct.
The state’s case was not based on one incident of sexual contact. Instead, the evidence indicated that several separate and distinct acts of sexual contact occurred between the appellant and the victim over the course of a year. The sodomy and the sexual abuse arose from different conduct, and thus constituted separate criminal acts. Hendrix v. State, 589 So.2d 769 (Ala.Cr.App.1991).
Ill
Last, the appellant contends that there was no preliminary proceeding to determine the probative value and the validity of the testing procedures used to identify the virus. The appellant never presented any objection concerning the viral testing procedures to the trial court. Therefore, this issue is procedurally barred because it is raised for the first time on appeal. Saffold v. State, 627 So.2d 1107 (Ala.Cr.App.1993).
For the foregoing reasons, the appellant’s convictions are due to be affirmed.
AFFIRMED.
All the Judges concur.