TAYLOR, Presiding Judge,
concurring specially.
I concur in the conclusion reached by the majority that there was evidence that a kidnapping occurred. However, I note this court’s decision in Jenkins v. State, 627 So.2d 1034 (Ala.Cr.App.1992), aff`d, 627 So.2d 1054 (Ala.1993), which lends further support to the majority’s conclusion. In Jenkins this court stated:
“The appellant also argues that there was insufficient evidence to find him guilty of kidnapping. ‘A person commits the crime of kidnapping in the first degree if he abducts another person with intent to ... [i]nflict physical injury upon him, or to violate or abuse him sexually.’ Section 13A-6-43(4), Code of Alabama 1975. The appellant maintains that there was no evidence that the victim was abducted. He contends that the same evidence could be viewed as showing that she voluntarily left the restaurant with the appellant. The great weight of the evidence, however, points to the opposite hypothesis.
“ ‘Abduct’ is defined in § 13A-6-40(2) as ‘to restrain a person with intent to prevent his liberation by either: a. Secreting or holding him in a place where he is not likely to be found, or b. Using or threatening to use deadly physical force.’ To reiterate, the state’s evidence tended to show that the victim was the only cook on duty at the Omelet Shoppe when the appellant came into the restaurant on the night of the victim’s disappearance. She was wearing her apron and her work uniform. She left without taking her purse or her cigarettes, even though she was a heavy smoker. The victim was paid that evening and did not take her paycheck. She told no one where she was going. Her clothing and the articles she left behind tend to show that she did not leave voluntarily. Her body was found in a remote area on the side of 1-59. ‘A reasonable juror may well have believed that she would not have voluntarily accompanied [the appellant] to such an area.’ Neal v. State, 451 So.2d 743, 758 (Miss.1984), cert. denied, 469 U.S. 1098,105 S.Ct. 607, 83 L.Ed.2d 716 (1984), post-conviction relief granted in part on other grounds, 525 So.2d 1279 (Miss.1987). Furthermore, the position of the clothing around the victim’s head and the fact that she was manually strangled tend to show *845 that she was restrained prior to her death. ‘The physical condition of the body ... the conduct and admission of the appellant were sufficient to establish ... the underlying felony of kidnapping.’ Mines v. State, 390 So.2d 332, 335 (Fla.1980), cert. denied, 451 U.S. 916, 101 S.Ct. 1994, 68 L.Ed.2d 308 (1981). See also State v. James, 459 So.2d 1299 (La.App.1984), writ denied, 463 So.2d 600 (La.1985). Moreover, even if the victim initially left the restaurant with the appellant voluntarily, the offense of kidnapping is not mitigated. Adams v. State, 412 So.2d 850, 852 (Fla. 1982), cert, denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982).”
627 So.2d at 1041.