TAYLOR, Presiding Judge.
The appellant, Anthony Dick, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 21 years in the state penitentiary.
The state’s evidence tended to show that on January 10, 1995, the appellant and an accomplice robbed employees of the Krystal *1269 restaurant in Tarrant City. Vanessa Tamiko Files, an employee of the restaurant, and Antoinette Whatley, a manager at the restaurant, testified at trial and identified the appellant as one of the robbers. Whatley testified that the appellant and his accomplice entered the restaurant, approached her while she was talking on the telephone, waved a gun at her, and said, “This is a robbery.” Files and Whatley testified that the appellant had a gun and that he and his accomplice took money from the store safe and then tried to take money from them but were unsuccessful because they had no money.
Officer Andrew Straszewiez, with the Tar-rant City Police Department, testified that he received a call that a robbery was in progress at the Krystal restaurant and that when he proceeded to the restaurant he saw two men in the area around the restaurant. One acted in a suspicious manner and Strasz-ewiez followed him. This suspect ran to a automobile parked nearby and Straszewiez followed in his vehicle. A two and a half mile chase ensued, which ended when the ear Straszewiez was following hit a telephone pole. The driver got out of the car holding a gun, dropped it, and ran into the nearby woods. Upon searching the car, Officer Straszewiez discovered the following items: a .357 Magnum pistol, a garbage bag containing coins, a bank deposit money bag, a check made out to “Krystal,” and two ski masks.
The appellant testified in his own behalf. He testified that he was at home when the robbery occurred and that he had never been to the Krystal restaurant in Tarrant City.
I
The appellant initially contends that the court erred in denying his motion for a judgment of acquittal. Specifically, he contends that the state failed to prove a prima facie case of robbery in the first degree because, he says, there was no evidence that he used force or threatened to use force when he took the money.[1]
A person commits the crime of robbery in the first degree if he violates § 13A-8-43 (defining robbery in the third degree) and
“(1) Is armed with a deadly weapon or dangerous instrument; or
“(2) Causes serious physical injury to another.”
Section 13A-8^fl, Code of Alabama 1975. Section 13A-8-43 provides:
“(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
“(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
The record reflects that Whatley testified that when she was on the telephone one of the robbers waved a gun at her and instructed her to hang up the telephone and told her that this was a robbery. As this court stated in Glover v. State, 610 So.2d 1253, 1254 (Ala.Cr.App.1992):
“The appellant also argues that he lacked the intent required by the statute because, he argues, there was no forcible use of a gun in taking the beer. Wielding a gun, however, constitutes both the use of force and the threat of force as a matter of law. Kent v. State, 504 So.2d 373 (Ala.Cr.App.1987). Here, the appellant drew a gun and the employee got behind the drink machine specifically to avoid the appellant. The very fact of the gun’s presence — -not its use — is sufficient to establish the intent required by § 13A-8-43, Code of Alabama 1975.”
In Lewis v. State, 469 So.2d 1291 (Ala.Cr.App.1984), aff'd, 469 So.2d 1301 (Ala.1985), this Court held “as a matter of law, that brandishing [a] weapon constitute[s] both the use of force and the threat of force.... ” 469 So.2d at 1298.
*1270 Moreover, the presence of a gun is not dispositive of whether a robbery has been committed. As this Court stated in Stewart v. State, 443 So.2d 1362, 1363-64 (Ala.Cr.App.1984).
“This court has held on several occasions that it is not necessary to prove that a defendant displayed a gun during a robbery or that he actually had a gun to sustain a conviction for Robbery in the First Degree. Miller v. State, 431 So.2d 586 (Ala.Cr.App.1983); Bender v. State, 420 So.2d 843 (Ala.Cr.App.1982); James v. State, 405 So.2d 71 (Ala.Cr.App.1981). In James v. State, supra, the court stated, ‘Indeed, in order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation.’ James v. State, supra, at 73. Here, appellant’s actions and threats instilled in the victim the reasonable belief that he was armed with a gun, and under § 13A-8-41(b) this constituted prima facie evidence that he was so armed, and the jury’s determination in this matter should be upheld.”
Stewart v. State, 443 So.2d 1362, 1363-64 (Ala.Cr.App.1983). There was sufficient evidence presented for the jury to conclude that the appellant intended to use force.
The appellant further contends that the jury verdict was against the great weight of the evidence.
“The appellant’s argument concerns the weight of the evidence presented. The weight to be accorded the evidence is within the exclusive province of the jury.
“ ‘The “weight of the evidence” refers to “‘a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.’ ” Tibbs v. Florida, 457 U.S. 31, 37-38, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982). Bland v. State, 601 So.2d 521, 524 (Ala.Cr.App. 1992); Johnson v. State, 555 So.2d 818, 820 (Ala.Cr.App.1989). Conflicting evidence presents a jury issue. Smith v. State, 583 So.2d 990 (Ala.Cr.App.), writ denied, 583 So.2d 993 (Ala.1991). “The jury is the judge of the facts, the demeanor of the witnesses, and their testimony.” Finch v. State, 445 So.2d 964 (Ala.Cr.App.1983). Where facts are presented from which the jury could reasonably infer that the alleged crime has been committed, then the question must be submitted to the jury. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App.1989). “The jury is then under a duty to draw permissible inferences from the circumstantial evidence presented and to base its verdict accordingly.” Id. at 1318.’
“Saffold v. State, 627 So.2d 1107, 1109 (Ala.Cr.App.1993). See also Cunningham v. State, 630 So.2d 154 (Ala.Cr.App.1993).”
Matthews v. State, 654 So.2d 66, 67-8 (Ala.Cr.App.1994).
II
The appellant next contends that the trial court erred in denying his request for funds to procure a fingerprint expert. The record reflects that on the second day of trial, the state requested that the appellant be fingerprinted because a print found on the car matched a print on file with the police department.
The Alabama Supreme Court in Ex parte Dobyne, 672 So.2d 1354 (Ala.1995), set out the standard for analyzing a defendant’s request for funds to pay for an expert. The Alabama Supreme Court stated:
“[I]n Dubose v. State, 662 So.2d 1189 (Ala.1995), this Court held that the Ake [v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)] principles relating to assistance of experts are not limited to psychiatrists. The Ake principles, which are grounded in the due process guarantee of fundamental fairness, apply to assistance by nonpsychiatrie experts when an indigent defendant makes a proper showing that the requested assistance is needed in order for the defendant to have ‘a fair opportunity to present his defense.’ Dubose, 662 So.2d at 1194. Specifically, a defendant, in order to be entitled to funds *1271 to pay for an expert, must show more than a mere possibility that he or she will receive useful assistance from the expert. Rather, the defendant must show a reasonable probability that the expert would aid in the defense and that the denial of an expert to assist at trial would result in a fundamentally unfair trial. In the past, Alabama decisions have been based upon whether the defendant made an adequate showing of a need for the requested expert. Dubose, 662 So.2d at 1191; see also, Smith v. State, 623 So.2d 369 (Ala.Cr.App.1992), cert. denied, 510 U.S. 1030, 114 S.Ct. 650 [126 L.Ed.2d 607] (1993); McLeod v. State, 581 So.2d 1144 (Ala.Cr.App.1990); Siebert v. State, 562 So.2d 586 (Ala.Cr.App.1989), aff'd, 562 So.2d 600 (Ala.), cert. denied, 498 U.S. 963, 112 L.Ed.2d 408, 111 S.Ct. 398 (1990); Stewart v. State, 562 So.2d 1365 (Ala.Cr.App.1989); McGahee v. State, 554 So.2d 454 (Ala.Cr.App.), aff'd, 554 So.2d 473 (Ala.1989)
672 So.2d at 1357. The record reflects that the appellant has failed to demonstrate a need for a fingerprint expert. In fact, when the appellant testified, he admitted that he had touched the ear on several occasions. The trial court did not err in denying the appellant’s request for funds for a fingerprint expert.
Ill
The appellant further contends that he was denied the effective assistance of counsel at trial and that the trial court erred in denying his motion for a new trial asserting this ground.
To prevail on a claim of ineffective assistance of counsel an accused must show 1) that counsel’s performance was deficient and 2) that the accused was prejudiced by the deficient conduct. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
First, the appellant contends that his trial counsel’s performance was deficient because, he says, counsel failed to object to hearsay and leading questions. “Effectiveness of counsel does not lend itself to measurement by picking through the transcript and counting the places where objections might be made.” Stringfellow v. State, 485 So.2d 1238,1243 (Ala.Cr.App.1986).
The appellant secondly contends that his counsel’s performance was ineffective because, he says, he failed to make a motion to suppress the identification evidence received at trial on the ground that the pretrial identification procedures were tainted. To determine whether counsel’s failure to make such a motion constituted deficient performance, we must determine whether the identification evidence was admissible at trial.
“In the instant case there is some question as to whether the pretrial identification procedures were in fact impermissibly suggestive. ‘Each case is to be considered on its own facts in determining whether the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.’ Fitchard v. State, 424 So.2d 674, 676 (Ala.Cr.App.1982). See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).... However, assuming that the pretrial identification procedures were in fact impermissibly suggestive, ‘when an in-court identification of the accused is shown to have a basis independent of any pretrial identification, then it is properly admitted into evidence.’ Mullis v. State, 545 So.2d 205, 209 (Ala.Cr.App.1989); see also Coleman v. State, 487 So.2d 1380 (Ala.Cr.App.1986), cert. denied, 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 227 (1991); Jackson v. State, 414 So.2d 1014 (Ala.Cr.App.1982); Matthews v. State, 401 So.2d 241 (Ala.Cr. App.1981), cert. denied, 401 So.2d 248 (Ala.1981). The identification is correctly received into evidence when it ‘stems ft’om an independent source rather than the photographic lineup.’ Hutchinson v. State, 516 So.2d 889, 893 (Ala.Cr.App.1987). ‘Reliability is the linchpin in determining the admissibility of identification testimony.’ Mullis, 545 So.2d at 209.”
Jenkins v. State, 627 So.2d 1034, 1047 (Ala.Cr.App.1992), aff'd 627 So.2d 1054 (Ala.1993), cert. denied, — U.S.-, 114 S.Ct. 1388, 128 L.Ed.2d 63 (1994).
*1272 Here, Files testified that she had worked for Krystal for 20 years and that she was very good with faces. Both Files and Whatley stated unequivocally that the appellant was one of the robbers. There was no reason to believe that the identification evidence would have been suppressed had a motion to suppress been made, thus, counsel’s performance was not deficient.
Last, the appellant contends that his counsel’s performance was ineffective because, he says, he failed to file a written discovery motion. Specifically, he contends that such a motion would have disclosed the fact that the appellant’s fingerprint was on the hood of the car he was driving when he left the restaurant. The appellant’s trial attorney testified that he had been practicing law in that county for 11 years and that it was the practice of the prosecutor’s office to have an open file policy. Trial counsel also stated that he had orally filed a motion for discovery in this case. The record also shows that the fingerprint evidence was not discovered until the second day of trial, when one of the officers brought this evidence to the prosecutor’s attention. Also, the appellant admitted that he had touched the car. Moreover, the evidence against the appellant was overwhelming. The appellant has failed to show how this failure to file a discovery motion resulted in any possible prejudice to him; thus he has failed to satisfy Strickland.
Based on the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.

. Because it is undisputed that a gun was used during the commission of this offense the appellant apparently is arguing that the state did not prove the force necessary to support third degree robbery, which is an element of first degree robbery.