I concur in the main opinion in all respects except its statement that the Court of Criminal Appeals correctly resolved all 29 issues. While I concur in the result of the resolution of issues by the Court of Criminal Appeals, I write to express some reservations about its rationale on some of the issues.
Discussing issue number XXVI, the Court of Criminal Appeals, So.2d at , quotes with approval language from the decision of Jenkinsv. State, 627 So.2d 1034, 1045 (Ala.Crim.App. 1992), aff'd, *Page 345 627 So.2d 1054 (Ala. 1993), as follows: "Perpetrators of crimes that result in gruesome scenes have reason to expect that photographs of those gruesome scenes will be taken and admitted into evidence." This Court recently disapproved similar language. Exparte Samra, [Ms. 1982032, March 3, 2000] So.2d , n. 1 (Ala. 2000). At trial, this not-then-yet-convicted defendant objected to certain gruesome photographs on the ground that they were unduly prejudicial. The purpose of such an objection is to avoid an unfair conviction resulting from undue prejudice. In analyzing this objection by quoting the language from Jenkins v. State, the Court of Criminal Appeals commits the fallacy of begging the question — that is, assuming the very proposition to be proved — by branding the objecting defendant as the perpetrator of the crime at a time in the trial preceding his conviction in order to justify the admission of the photographs to prove his guilt.
Issue number XXVII in the opinion by the Court of Criminal Appeals is the defendant's contention that "the capital sentencing statute in Alabama is unconstitutional because it does not specify the weight the judge should give the jury recommendation in [the judge's] consideration of a sentence." So.2d at . The defendant challenges the statute not only on the ground of theEighth Amendment to the United States Constitution, but also on the ground of the Fourteenth Amendment to the United States Constitution, which guarantees both due process of law and equal protection of the laws. The Court of Criminal Appeals states that "this issue has been addressed and rejected by the appellate courts of Alabama, based on the United States Supreme Court's decision in Harris v. Alabama, 513 U.S. 504, 115 S.Ct. 1031,130 L.Ed.2d 1004 (1995)." So.2d at . While Harris does hold that Alabama's capital sentencing statute does not violate theEighth Amendment, Harris does not hold that the statute does not violate the Equal Protection Clause or the Due Process Clause. Indeed, after describing the disparate weights ascribed by different Alabama circuit court judges to jury recommendations of the death penalty, the Harris Court expressly observes that Harris did not
challenge the statute on equal protection grounds. Harris,513 U.S. at 514. While Justice Stevens's dissent in Harris contends that the Alabama statute violates both the Eighth Amendment and the Due Process Clause, the majority does not mention any dueprocess issue at all.
The absence of any specification of the weight to be ascribed to a jury recommendation of the penalty in a capital case and the consequent disparate weights ascribed by different Alabama circuit judges to jury recommendations may well violate the Due Process Clause and the Equal Protection Clause of theFourteenth Amendment. Presently in Alabama, however, this issue would seem critical only in the case of a trial judge's imposing a sentence different from that recommended by the jury because the Alabama statute does not require the judge to accord any degree of deference to the jury recommendation. A defendant could hardly contend that Alabama's statute requires too much deference, as it requires none. In the case before us, the jury recommended death and the trial judge imposed death. The defendant does not argue, and no aspect of the sentencing order suggests, that the trial judge was unduly constrained by the jury recommendation.
Finally, I do not necessarily agree with the rationale of the Court of Criminal Appeals in its discussion of issue number II of its opinion regarding the trial judge's excusal of a venire member or in its discussion of issue number IX regarding the *Page 346 
failure of the trial judge to charge the jury on its duty to assess the voluntariness of the defendant's statement and on the alternative ramifications of such an assessment.