Trace R. Duncan was charged with two counts of capital murder. Count I of the indictment charged Duncan with the murder of Vicki Deblieux, made capital because it occurred during a kidnapping in the first degree. § 13A-5-40(a)(1), Ala. Code 1975. Count II of the indictment charged Duncan with the murder of Vicki Deblieux, made capital because it occurred during a robbery in the first degree. § 13A-5-40(a)(2), Ala. Code 1975. A jury found Duncan guilty of both counts of capital murder and recommended a sentence *Page 862 
of death by a vote of 10 to 2. The trial court sentenced Duncan to death by electrocution. The Court of Criminal Appeals affirmed Duncan's convictions for capital murder and his sentence of death. Duncan v.State, 827 So.2d 838 (Ala.Crim.App. 1999).
Duncan petitioned this Court for certiorari review on January 4, 2000. Pursuant to the Rules of Appellate Procedure as they then existed, we granted his petition to review his claims of error and to review the record for plain error. Rule 39(k), Ala.R.App.P. While we approve the judgment, the holdings, and most of the rationale of the Court of Criminal Appeals in its thorough opinion, we will address one exception, which does not change the result.
In discussing the admissibility of certain photographs of the victim's corpse, the Court of Criminal Appeals includes the following language:
 "`There is irony in a convicted murderer's contending on appeal that pictures of the corpse of his victim might have inflamed the jury. That risk "comes with the territory."' Price v. State, 725 So.2d 1003, 1052, quoting Grice v. State, 527 So.2d 784, 787
(Ala.Crim.App. 1988). `Perpetrators of crimes that result in gruesome scenes have reason to expect that photographs of those gruesome scenes will be taken and admitted into evidence.' Jenkins v. State, 627 So.2d 1054
(Ala.Crim.App. 1992), affirmed, 627 So.2d 1054 (Ala. 1993), cert. denied, 511 U.S. 1012, 114 S.Ct. 1388, 128 L.Ed.2d 63 (1994).'"
Duncan v. State, 827 So.2d at 851. This language begs the question in that it assumes the guilt of the defendant in order to justify the admission of evidence offered to prove the guilt of the defendant. The defendant's objection to the evidence must be analyzed in the context of the trial before the conviction. The purpose of such an objection is to prevent an inaccurate guilty verdict by excluding evidence that would prejudice the deliberations of the jury on the case against the presumptively innocent defendant. While, for different reasons correctly explained by the Court of Criminal Appeals, the admission of these photographs was not reversible error, the correct rationale is certainly not that the objection was interposed by a guilty murderer who should have expected photographs of "the corpse of his victim" to be admitted against him. This Court has previously expressly disapproved the language we here again disapprove. Ex parte McWhorter, 781 So.2d 330 (Ala. 2000);Ex parte Wilson, 777 So.2d 935 (Ala. 2000); Ex parte Loggins,771 So.2d 1093, 1105 n. 3 (Ala. 2000); and Ex parte Samra, 771 So.2d 1122,1122 n. 1 (Ala. 2000).
We have studied the record, the petition, the briefs, and the opinion of the Court of Criminal Appeals. We have also independently considered the propriety of the death sentence. With the single exception to the rationale of the Court of Criminal Appeals already discussed, we find and hold that the judgment of that court is due to be affirmed.
AFFIRMED.
Moore, C.J., and Houston, See, Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur. *Page 863